UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>(1) DUSTIN J. DENUNZIO, )<br>(2) ANTHONY GATTINERI, and )<br>(3) CHARLES A. LIGHTBODY )<br>)<br>Defendants ) | Criminal No.: 14-cr-10284-NMG |

**RESPONSE TO DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING DEFENDANTS'MOTION FOR BILL OF PARTICULARS**

The United States, by and through the undersigned attorneys, respectfully opposes the Defendants' Objection to Magistrate Judge's Order Denying Defendants' Motion for a Bill of Particulars (Docket No. 110) (the Objection). As detailed below, the Magistrate Judge's Order was not clearly erroneous or contrary to law because the Indictment provides ample particulars on its face.

**Background**

While the Defendants complain about a purported lack of particularity in Paragraph 19 of the Indictment, they ignore the fact that the Indictment contains 46 other paragraphs which lay out the government's charges against them in significantly more detail than is constitutionally required. The Indictment charges Dustin DeNunzio, Anthony Gattineri, and Charles Lightbody with conspiring to conceal Lightbody's financial interest in a parcel of land in Everett, Massachusetts (the Everett Parcel) from Wynn Resorts Limited (Wynn) *and* from the Massachusetts Gaming Commission (the MGC). The first 10 pages of the Indictment describe the conspiracy. Docket No. 3, ¶¶ 1-45. The Defendants are also charged in one substantive wire

1

fraud count.  Id., ¶¶ 46-47.

**Argument**

The Defendants object to that portion of Magistrate Judge Marianne Bowler's April 14, 2015 Memorandum and Order (Docket No. 93, the Order) which denied their request for a bill of particulars identifying the exact nature of Lightbody's alleged financial interest in FBT that the Defendants allegedly concealed from Wynn and the MGC.[1]  Given that "[m]otions for bills of particulars are seldom employed in modern federal practice," *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993), the Defendants face an uphill battle.

The Defendants have not met their burden of demonstrating that nondisclosure of the requested particulars would disable them from preparing a defense, lead to prejudicial surprise, or hamper their ability to assert their rights under the Double Jeopardy Clause.  *United States v. Stryker Biotech, LLC*, No. 09-10330-GAO, 2010 WL 2900684, at *4 (D. Mass. July 21, 2010) (internal citations omitted); *Sepulveda*, 15 F.3d at 1192-93; *United States v. DiMasi*, No. 09-0166-MLW, 2011 WL 468213, at *4 (D. Mass. 2011).  A bill of particulars is not a discovery tool to compel the Government to detail its evidence in advance of trial, nor is it a means to force the Government to preview to the Defendants the Government's case or the manner in which the Government will prove the offenses.  *See, e.g., United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996); *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993); *United States v. Brodie*, 326 F.Supp.2d 83, 91 (D.D.C. 2004); *United States v. Glecier*, 923 F.2d 496, 502 (7th Cir. 1991); *United States v. Chalmers*, 410 F.Supp.2d 278, 285 (S.D.N.Y. 2006); *United States v. Cuong Gia Le*, 310 F.Supp.2d 763, 781 (E.D.Va. 2004).  The inquiry is not whether additional information

---

[1] The Defendants did not object to Magistrate Bowler's denial of their request for each of the alleged acts that constituted "concealment" of Lightbody's financial interest in FBT.  *See* Docket No. 68, at 1; Docket No. 93, at 8-9

would be **helpful** to a defendant, but rather, whether the defendant, "in the absence of a more detailed specification, will be **disabled** from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause."  *Sepulveda*, 15 F.3d at 1192-93 (emphasis added); *see also United States v. Nelson-Rodriguez*, 319 F.3d 12, 30-31 (1st Cir 2003).   As such, "an indictment is sufficiently particular if it elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which she must defend, and enables her to plead double jeopardy in bar of future prosecutions for the same offense."  *Sepulveda*, 15 F.3d at 1192 (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974) and Fed. R. Crim. P. 7(c)(1)).

Specifically, a bill of particulars may not be used to compel the Government to disclose its trial strategies or the legal theories on which it intends to rely at trial.  *See, e.g., Stryker Biotech, LLC*, 2010 WL 2900684, at *3 (internal citations omitted); *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983); *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980); *United States v. Dames*, 380 F.Supp.2d 270, 274 (S.D.N.Y. 2005).   While the Defendants have repackaged their argument for the District Court, their previous filing made clear that their request for particulars regarding the nature of Lightbody's financial interest in FBT is admittedly a request for the government's legal theories.[2]   *See, e.g.,* Docket No. 69 at 5-6 (describing possible sources of Lightbody's financial interest government might assert at trial as the "sham buyout theory" and the "secret sales commission theory").   Accordingly, Magistrate Judge Bowler's denial of the Defendants' request was consistent with the relevant case law.  *See Stryker Biotech, LLC,* 2010

---

[2] It is not the Government engaged in "mere word play," but rather the Defendants who specifically asked for the Government's legal theory at least 10 times in their original brief (*see* Docket No. 69, at 5-7) but have removed the word "theory" from their recent filings, apparently having realized that such a request is strictly prohibited by applicable law.

WL 2900684, at *3 (purpose of bill of particulars is "not to obtain disclosure of . . . the government's legal theories"); *United States v. Rogers*, 617 F.Supp. 1024, 1027 (D. Colo. 1985) (citations omitted) ("bill of particulars may not be used to compel the Government to . . . explain the legal theories upon which it intends to rely at trial"); *United States v. Thevis*, 474 F.Supp. 117 (N.D. Ga. 1979) (defendant's alleged need for bill of particulars must be balanced against "government's general right to prevent disclosure of its evidence and legal theories").

This prohibition on the use of a bill of particulars to discover the Government's legal theories makes sense, as explained in a case cited by the Defendants in their original brief: a defendant is "not entitled to compel the government to describe in detail the manner in which the crime was committed, thereby forcing the prosecution to fix irrevocably the perimeters of its case in advance of trial." *United States v. Manetti*, 323 F.Supp. 683, 696 (D. Del. 1971) (citations omitted). As long as the Indictment provides the elements of the crimes charges, the nature of the crimes charged, and triggers double jeopardy, the Defendants are entitled to nothing more.

The Indictment in this case describes in detail the Defendants' concealment of the material fact that Lightbody *had* a financial interest in FBT and the Everett Parcel from Wynn and the MGC, including a number of specific statements and examples which give the Defendants adequate notice of the charges against them. See Docket No. 3, ¶¶ 16-20, 21-45. ***How*** the Defendants intended Lightbody to *realize* his hidden financial interest (*i.e.*, through a "sham buyout," a "secret sales commission," or other method) is not an element of the charged offenses. Because the Government is not required to prove the method at trial, a bill of particulars is not required. *DiMasi*, 2011 WL 468213, at *4 (because government was not required to prove details requested by defense, Wolf, D.J. declined to order government to provide bill of particulars).

Moreover, the Government has made early disclosures of grand jury transcripts and exhibits which provide a preliminary roadmap of the evidence it intends to use to prove its case. This is not a situation where the Defendants have been or will be forced to comb through a mountain of documents and try to guess what improprieties the Government alleges they committed.  *Cf.*, *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987).  Together with the detailed allegations of the Indictment, the Defendants are aware of the key events at issue in this case, and the Court should decline to order the Government to provide any more particulars regarding Lightbody's financial interest in FBT and the Everett Parcel.

### Conclusion

The Indictment in this case exceeds constitutional notice requirements.  For the foregoing reasons, the Court should deny the Defendants' Objection.

Respectfully submitted

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

Date:   May 5, 2015          By:    /s/Kristina E. Barclay
KRISTINA E. BARCLAY
Assistant U.S. Attorney
DAVID RUBIN
Special Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date: May 5, 2015            /s/Kristina E. Barclay
Kristina E. Barclay
Assistant United States Attorney