**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>(1) DUSTIN J. DENUNZIO,<br>(2) ANTHONY GATTINERI, and<br>(3) CHARLES A. LIGHTBODY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Criminal No:  14-CR-10284-NMG<br>)<br>)  ORAL ARGUMENT REQUESTED<br>)<br>)  EVIDENTIARY HEARING<br>)  REQUESTED<br>) |

**DEFENDANTS' MOTION TO COMPEL DISCLOSURE OF EXCULPATORY
EVIDENCE AND REQUEST FOR EVIDENTIARY HEARING**

NOW COME Defendants Dustin DeNunzio ("DeNunzio"), Anthony Gattineri ("Gattineri") and Charles Lightbody ("Lightbody") (collectively, "Defendants") and hereby move this Court for an Order compelling the Government to produce exculpatory information its possession, custody, or control pursuant to Brady v. Maryland, 373 U.S. 83 (1963). In support of this Motion, the Defendants state as follows:

Over the past several days, the Defendants have learned of an alleged incident (the "Alleged Incident") that occurred in 2013 that calls into question the integrity of the joint state / federal investigation that led to the indictments in this case and the related state case. More specifically, the Alleged Incident involved members of the Massachusetts State Police and/or the Massachusetts Attorney General's Office providing two former members of the Massachusetts State police, Joseph Flaherty ("Flaherty") and Stephen Matthews ("Matthews"), with unauthorized access to files concerning an ongoing joint state and federal investigation of the Defendants in this case. Specifically, the investigation concerned whether Defendant Charles Lightbody maintained a hidden ownership interest in FBT Everett Realty, LLC, which owned a

37-acre parcel of land in Everett, Massachusetts (the "Everett Parcel") from October 2009 through January 2015.[1] The files were maintained at a secure location within the Massachusetts Attorney General's Office known as the "wiretap room." See Subpoenas in the matter of City of Boston et al. v. Massachusetts Gaming Commission et. al., Civil Action Nos. 15-0012, 14-3253, 14-3805, attached as Exhibit A.

Upon information and belief, at the time of the Alleged Incident, Flaherty and Matthews were working as private investigators on behalf of billionaire casino mogul Steve Wynn and Wynn Resorts, Ltd. ("Wynn"). Wynn purchased the Everett Parcel from FBT in January 2015 after the Massachusetts Gaming Commission awarded Wynn the Region A casino license to develop a destination resort casino on that site. In this case, the Government has alleged that Wynn's purchase of the Everett Parcel was tainted by a fraud perpetrated on Wynn by the Defendants, who, the Government claims, concealed from Wynn the "material fact" that Lightbody, a convicted felon, maintained a hidden ownership interest in FBT.

Evidence that Wynn was aware of Lightbody's historic ownership interest in the Everett Parcel -- through its private investigators' unauthorized access to the criminal investigation files concerning Lightbody -- would be highly exculpatory in that it would undermine the Government's wire fraud theory in this case and thus strongly tend to negate the Defendants' guilt. Such evidence is also exculpatory because it undermines any claims by Wynn or its representatives that Mr. Lightbody's ownership status was material to its decision to purchase the Everett Parcel from FBT, an essential element of the charges against the Defendants.

Furthermore, if, in fact, there is evidence that Wynn was aware of Lightbody's alleged ownership interest in FBT but feigned ignorance of this fact while the Defendants (and others)

---

[1] The Defendants vigorously deny the Government's central allegation that Mr. Lightbody maintained some sort of hidden ownership interest in FBT or the Everett Parcel subsequent to December 2012.

were investigated and, ultimately, indicted for "concealing" this very information from Wynn, such evidence would reveal extraordinary corruption of the law enforcement process and may call into question the viability of the criminal charges in both this case and the related state case. The potential scope of this corruption is underscored by the fact that Wynn used the state's investigation into the Defendants as a means to obtain a $40 million reduction on the previously agreed-upon purchase price for the Everett Parcel.

      The Defendants submit that any information relating to the Alleged Incident is within the Government's possession, custody or control given the joint nature of the state and federal investigation that led to the Indictment in this case.  If two former members of the Massachusetts State Police who were working for Wynn (or for Wynn's long-term authorized representative, ML Strategies) were granted access to the Attorney General's Office to review confidential files relating to a joint state and federal criminal investigation of Lightbody's alleged ownership in the Everett Parcel -- and were given access to sensitive, confidential investigatory files -- these agents of the alleged victim were in effect made a part of the investigatory team in this matter. In fact, if true, the Alleged Incident probably amounts to a violation of Massachusetts criminal law.  See G.L. c. 272, § 99 (Massachusetts wiretap statute); see also G.L. c. 23K, § 38 (criminal provisions of the Gaming Act).  Evidence relating to the Alleged Incident would therefore fall squarely within the Government's Brady obligations.  See United States v. Ferrara, 2008 WL 2222033, at *3 (D. Mass. 2008) (explaining that Brady requires the Government to provide to the defendant all material exculpatory evidence or information that is in the possession of any federal, state or local enforcement agency that participated in the investigation).

Accordingly, the Defendants submit that they are entitled to the immediate production of all evidence and information relating to the Alleged Incident, including, but not limited to, the following categories:

- All documents concerning the Alleged Incident;

- All documents, including originals and copies, of documents, surveillance video footage and photographs, wiretap call logs and records, consensual recordings, prison telephone call records, bank and financial records, telephone logs and records, interview notes and transcripts, and investigative reports -- including copies made using cameras or smartphones provided to the Wynn investigators;

- All documents, including note or reports -- whether handwritten, voice- or video-recorded, or typed -- concerning the Alleged Incident;

- All documents, including note or reports -- whether handwritten, voice- or video-recorded, or typed -- concerning all other such meetings involving Flaherty and Matthews and the joint state / federal investigation team;

- All documents, including note or reports -- whether handwritten, voice- or video-recorded, or typed -- concerning when Flaherty and Matthews were first granted access to the wire tap room and/or investigatory files concerning Lightbody or the other Defendants;

- All documents concerning any instructions or requests received by the Attorney General's Office or others, from any individual or entity, concerning the Alleged Incident;

- All documents concerning all other such meetings

- When Wynn investigators first allowed access

- All documents concerning communications with the Massachusetts Gaming Commission, including the Investigation and Enforcement Bureau ("IEB"), and/or Wynn MA, LLC, an affiliate of Wynn Resorts, Ltd. of Las Vegas (collectively, "Wynn"), concerning information obtained by the Wynn investigators from the joint investigation and provided by Wynn to the joint investigation team;

- All documents concerning communications with the Massachusetts Gaming Commission, including the Investigation and Enforcement Bureau ("IEB"), and/or Wynn MA, LLC, an affiliate of Wynn Resorts, Ltd. of Las Vegas (collectively, "Wynn"), concerning information provided by Flaherty and Matthews to the joitn state / federal investigation team;

- All documents and communications concerning Government involvement in obtaining civilian (including but not limited to retired law enforcement personnel) access to and/or review of – whether authorized or unauthorized – files of a criminal investigation in 2013, including of FBT and the ownership of the Everett Parcel;

- All documents and communications concerning FBT or the Everett Parcel; and

- All communications concerning the Alleged Incident.

In addition, based on a review of the discovery produced to date, the Defendants have a strong basis to believe that the Government has not produced other categories of exculpatory evidence in its possession regarding Wynn's knowledge of Lightbody's alleged ownership interest in the Everett Property. Specifically, the Government has provided audio recordings of interviews conducted of Stephen Tocco, the President and Chief Executive Officer of ML Strategies, and Mayor Carlo DeMaria of the City of Everett, by State Police working for the Massachusetts Gaming Commission IEB. Both interviews contain additional convincing evidence that Wynn, through ML Strategies, knew that Lightbody held an ownership interest in the Everett Parcel.[2] The Defendants accordingly move the Court for an Order compelling the Government to immediately produce all evidence and information in its possession, custody or control relating to Wynn's knowledge of Lightbody's alleged ownership interest in the Everett Parcel, including, but not limited to, the following:

- Any and all notes, tapes recordings, transcripts, reports, statements, and information tending to show the knowledge of the Gaming Commission, and/or its IEB, and/or Wynn, and/or the law firm of Mintz Levin Cohen Ferris Glovsky and Popeo PC, and/or ML Strategies of the ownership of Charles Lightbody in the Everett Parcel upon which Wynn has plans to build and operate a casino;

- All information or evidence referred to as "conflicting information" in the IEB Report, which stated:

    [C]onflicting information was presented as to whether Lightbody's name

---

[2] A complete summary of that evidence, and why the Defendants believe there likely exists additional exculpatory evidence, is set forth in the accompanying memorandum of law.

was also provided or discussed at this time, although no evidence was developed whatsoever that indicated that Lightbody's name, criminal history and certainly involvement in this transaction *was ever relayed or disclosed to the applicant by its representatives* at this time (emphasis supplied).

- Any and all notes, memoranda, reports, or writings of any kind made by members of the Massachusetts State Police, Federal Bureau of Investigation, or the IEB during all interviews of Steven Tocco;

- Any and all notes, memoranda, reports, or writings of any kind made by members of the Massachusetts State Police, Federal Bureau of Investigation, or the IEB during all interviews of Everett Mayor Carlo DeMaria, including, but not limited to, any notes, memoranda, other writing or recordings of conversations between Lt. Kevin Condon and Carlo DeMaria in or around June 2014.

- Any and all notes, memoranda, reports, or writings of any kind made by members of the Massachusetts State Police, Federal Bureau of Investigation, or the IEB during all interviews of James Michael Flood; and

- Any and all notes, memoranda, reports, or writings of any kind made by members of the Massachusetts State Police, Federal Bureau of Investigation, or the IEB during all interviews of John Tocco.

In further support of this Motion, Defendants rely on their accompanying memorandum of law, which is filed herewith and incorporated herein by reference.

WHEREFORE, the Defendants respectfully move the Court for an Order compelling the Government to produce the information set forth herein pursuant to Brady v. Maryland.

Respectfully submitted,

/s/ Laura B. Angelini_____
Michael J. Connolly (BBO #638611)
Laura B. Angelini (BBO #658647)
Rhiannon A. Campbell (BBO # 682193)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
Phone: (617) 345-9000
Fax: (617) 345-9020
mconnolly@hinckleyallen.com
langelini@hinckleyallen.com
rcampbell@hinckleyallen.com

*Attorneys for Anthony Gattineri*


 \_/s/ Aaron M. Katz_____
Joshua S. Levy (BBO #563017)
Aaron M. Katz (BBO #662457)
Ropes & Gray LLP
Prudential Center
800 Boylston St.
Boston, MA 02199
Phone: (617) 951-7000
Fax: (603) 951-7050
Joshua.Levy@ropesgray.com
Aaron.Katz@ropesgray.com

*Attorneys for Dustin DeNunzio*

/s/ Charles W. Rankin_____
Charles W. Rankin (BBO #411780)
Rankin & Sultan
151 Merrimac St. #200
Boston, MA 02114
crankin@rankin-sultan.com

*Attorney for Charles Lightbody*

Dated: July 8, 2015

## **LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1, I hereby certify that counsel for Defendants have in good faith attempted to confer with counsel for the Government to resolve or narrow the issues presented by this motion. Undersigned counsel was unable to obtain the Government's position on the requested relief as of the time of filing. However, based on the Government's statements to the Court that it has produced or made available all discovery that is required to be produced, undersigned counsel assumes that the Government opposes the requested relief.

/s/ Laura B. Angelini_____

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Laura B. Angelini_____