**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> v. ) <br> ) <br> **(1) DUSTIN J. DENUNZIO,** ) <br> **(2) ANTHONY GATTINERI, and** ) <br> **(3) CHARLES A. LIGHTBODY,** ) <br> ) <br> **Defendants.** ) <br> ) | **Criminal No: 14-CR-10284-NMG** <br><br> **ORAL ARGUMENT REQUESTED** |

**ANTHONY GATTINERI AND DUSTIN DENUNZIO'S MOTION FOR A PRE-TRIAL PROFFER AND DETERMINATION WITH RESPECT TO ALLEGED CO-CONSPIRATOR HEARSAY STATEMENTS UNDER *PETROZZIELLO***

Defendants Anthony Gattineri and Dustin DeNunzio (collectively, the "Movants") hereby respectfully request a pre-trial *Petrozziello* hearing to determine whether certain statements made by Defendant Charles Lightbody to inmate Darin Bufalino on a recorded telephone line are admissible as evidence against Messrs. Gattineri and DeNunzio pursuant to Fed. R. Evid. 801(d)(2)(E). This Court made a preliminary finding in its May 12, 2015 Memorandum & Order on Messrs. Gattineri and DeNunzio's Motion to Sever that Mr. Lightbody's statements were made in furtherance of the alleged conspiracy, but it did so based on a very limited record that did not include the opportunity to listen to the actual audio recordings of the statements and other highly relevant and exculpatory contextual evidence. The Movants respectfully submit that if the Court conducts a pretrial *Petrozziello* hearing, where it can listen to the recordings of those conversations and consider the relevant contextual evidence, it will become unmistakably clear that the statements at issue were not made in furtherance of the

alleged conspiracy but, rather, constitute nothing more than narratives of past events and idle chatter or casual conversation.

Moreover, to the extent that the Government intends to offer any other statements made by Mr. Lightbody against Messrs. Gattineri and DeNunzio pursuant to Fed. R. Evid. 801(d)(2)(E), the Movants request that the Government be required to identity, with specificity, each statement made by Mr. Lightbody so that those statements can be considered at a pre-trial *Petrozziello* hearing as well.

WHEREFORE, for the reasons stated above and in the attached Memorandum of Law, Defendants Anthony Gattineri and Dustin DeNunzio respectfully request that this Court conduct a pre-trial *Petrozziello* hearing to determine whether certain statements made by Mr. Lightbody satisfy the requirements for admissibility against them pursuant to Fed. R. Evid. 801(d)(2)(E).

Respectfully submitted,

/s/ Joshua S. Levy
Joshua S. Levy (BBO #563017)
Aaron M. Katz (BBO #662457)
Alexandra L. Roth (BBO # 687847)
Ropes & Gray LLP
Prudential Center
800 Boylston St.
Boston, MA 02199
Phone: (617) 951-7000
Fax: (617) 951-7050
Joshua.Levy@ropesgray.com
Aaron.Katz@ropesgray.com
Alexandra.Roth@ropesgray.com
*Attorneys for Dustin DeNunzio*

/s/ Rhiannon Campbell
Michael J. Connolly (BBO #638611)
Laura B. Angelini (BBO #658647)
Rhiannon Campbell (BBO #682193)

Hinckley, Allen & Snyder LLP  
28 State Street  
Boston, MA 02109  
Phone: (617) 345-9000  
Fax: (617) 345-9020  
mconnolly@hinckleyallen.com  
langelini@hinckleyallen.com  
rcampbell@hinckleyallen.com  
*Attorneys for Anthony Gattineri*

Dated: March 7, 2016

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1, I hereby certify that counsel for Defendants have in good faith attempted to confer with counsel for the Government to resolve or narrow the issues presented by this motion, and that the disputed issues remain unresolved.

/s/ *Joshua S. Levy*

**CERTIFICATE OF SERVICE**

I, Joshua S. Levy, hereby certify that, on March 7, 2016, true and accurate copies of the foregoing were served on counsel for the Government through ECF.

/s/ *Joshua S. Levy*