UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>(1) DUSTIN J. DENUNZIO,<br>(2) ANTHONY GATTINERI, and<br>(3) CHARLES A. LIGHTBODY,<br><br>Defendants. | Criminal No: 14-CR-10284-NMG<br><br>ORAL ARGUMENT REQUESTED |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF ALLEGATIONS THAT DEFENDANTS FAILED
TO DISCLOSE ████████'S 3% COMMISSION INTEREST IN FBT**

The Government has advised Defendants that it intends to offer at trial "[e]vidence of defendants' failure to disclose to the MGC or to Wynn that ████████ had a three percent interest in FBT Everett LLC and/or the Everett Parcel . . . ."[1] Exh. A at 3 (Rule 404(b) notice). For the reasons explained below, this "████ non-disclosure" allegation, as well as the fact of ████'s 3% commission interest, is irrelevant as a matter of law and thus inadmissible *per se* under the Federal Rules of Evidence.

**ARGUMENT**

The Government has no evidence that ████████, a non-defendant whom the Government has not identified as an unidentified co-conspirator, ever held equity in FBT Everett

---

[1] ████████ is the "John Doe" referenced in paragraphs 19 and 20 of Indictment. For reasons similar to those laid out in this motion *in limine*, Defendants intend to move prior to the swearing of the jury to strike the "John Doe" allegations from the Indictment pursuant to Federal Rule of Criminal Procedure 7(d).

Realty LLC, which indisputably was the sole equity owner of the Everett Parcel.  Thus, the Government cannot seek to admit its "▓ allegation" on the premise that Defendants fraudulently omitted ▓'s name from the list "Equity Holders in FBT" that Defendant Dustin DeNunzio provided to Wynn's general counsel on January 17, 2013.

The Government certainly does have evidence — because Defendant Dustin DeNunzio proactively and affirmatively (*i.e.*, without any requirement to do so) disclosed it to the MGC in December 2013 — that FBT had a longstanding agreement to pay ▓ a 3% real estate commission in the event of a sale of the Everett Parcel, in exchange for ▓'s performance of consulting and brokerage work.[2]  Nobody from Wynn or the MGC, however, ever asked Defendants to identify the names of the consultants and real estate brokers who would receive a commission in the event of a sale of the Everett Parcel.  Rather, on January 16, 2013, Wynn's general counsel asked Mr. DeNunzio merely to send her the names of the "Equity Holders in FBT," a request to which Mr. DeNunzio responded on January 17, 2013.  *See* Exh. C.  Wynn's general counsel is certainly smart enough to understand the difference between an equity holder, on the one hand, and an individual due to receive a real estate transaction commission but is not an equity holder, on the other.[3]  Wynn's general counsel did not ask Mr. DeNunzio for the names of the latter, and she could not reasonably have construed the list of names that Mr. DeNunzio

---

[2] On December 23, 2013, at Wynn's request, Mr. Denunzio voluntarily submitted a bespoke "Confirmation of Representation" to the MGC, attached hereto as Exhibit B.  The Confirmation stated, *inter alia*, that in the event "of a completed [real estate] transaction," Trip McCoy of TM Capital Advisors would be paid consulting fees and ▓ would be "paid consulting fees regarding services in connection with the land development consulting that began when Seller acquired the property in 2009."  *Id.*  Email evidence in the Government's possession indisputably shows that this commission agreement between FBT and ▓ was conceived years prior to the enactment of the Massachusetts Expanded Gaming Act.

[3] Anyone who has ever put his home up for sale would understand this difference as well: no homeowner would consider his real estate agent to be one of the home's "equity holders."

provided her to be anything other than a list of the "Equity Holders in FBT," because the list did not include the name Trip McCoy, a nationally-recognized gaming industry consultant from Palm Beach whom Wynn knew was representing FBT in the Wynn transaction.

Although Defendants obviously agree that Mr. DeNunzio did not provide ▇'s name to Wynn in his January 17, 2013 response, there is a simple and legally conclusive answer to why this "non-disclosure" is irrelevant to the charged scheme to defraud Wynn: under clearly established federal law, a mere non-disclosure is neither fraudulent nor illegal.  In *Sanchez v. Triple-S Management Corporation*, the First Circuit held that a "failure to disclose information, without more, cannot make out a violation of the mail and wire fraud statutes." 492 F.3d 1, 10 (1st Cir. 2007).  This black letter rule of law applies even where the undisclosed fact is allegedly "material."  *Backman v. Polaroid Corp.*, 910 F.2d 10, 12 (1st Cir. 1999).

For a non-disclosure to be fraudulent under federal law, the Government must prove, *inter alia*, either that (1) the defendant had some duty to disclose, or (2) the defendant actively concealed the non-disclosed facts.  *Bonilla v. Volvo Car Corp.*, 150 F.3d 62, 69-70 (1st Cir. 1998).  The Government cannot prove either of those circumstances here.  As to the former, neither FBT nor any of the three defendants had a "legal, professional or contractual" obligation to disclose to Wynn (or the MGC) the names of its consultants and brokers.  *Id.*  As to the latter, the Government's Rule 404(b) notice does not claim, and the Government has no evidence of, "active concealment," which federal courts have defined as "deceptive acts or contrivances intended to hide information, mislead, avoid suspicion, or prevent further inquiry into a material matter."  *United States v. Colton*, 231 F.3d 890, 899 (4th Cir. 2000) (describing "concealment" as the "suppression of the truth with the intent to deceive," as distinct from mere "silence as to a

material fact"). That ought to be the end of the matter: the "███ non-disclosure" allegation is irrelevant, as is the naked fact of ███'s 3% commission interest.

While perhaps innocuous on its face, the Government's allegation is actually a carefully calculated Trojan horse through which it intends to smuggle in to the courtroom, presumably through the improper hearsay testimony of a law enforcement case agent, that ███, though not a convicted felon, has a tawdry reputation with local police, is suspected by the FBI to be somehow associated with La Cosa Nostra, and more than twenty years ago was arrested in Connecticut on suspicion of narcotics activities. If the Court has any doubt about what the Government is up to here, it needs look no further than the affidavit of the FBI's lead case agent Matt Elio, filed under seal and attached hereto as Exhibit D. Although consistent with its "guilt by association" prosecution strategy and its unconstitutional hypothesis that no "unsavory" citizen of Massachusetts should be able to obtain any direct or indirect financial benefits from the gaming industry, this Trojan horse plan is patently inconsistent with the Federal Rules of Evidence and First Circuit law.

**CONCLUSION**

For the reasons stated above, Defendants' motion *in limine* should be granted.

                Respectfully submitted,

                /s/ Joshua S. Levy
                Joshua S. Levy (BBO #563017)
                Aaron M. Katz (BBO #662457)
                Alexandra L. Roth (BBO # 687847)
                Ropes & Gray LLP
                Prudential Center
                800 Boylston St.
                Boston, MA 02199
                Phone: (617) 951-7000
                Fax: (603) 951-7050
                Joshua.Levy@ropesgray.com
                Aaron.Katz@ropesgray.com
                Alexandra.Roth@ropesgray.com
                *Attorneys for Dustin DeNunzio*


                /s/ Charles W. Rankin
                Charles W. Rankin (BBO #411780)
                Rankin & Sultan
                151 Merrimac St. #200
                Boston, MA 02114
                crankin@rankin-sultan.com
                *Attorney for Charles Lightbody*


                /s/ Michael J. Connolly
                Michael J. Connolly (BBO #638611)
                Laura B. Angelini (BBO #658647)
                Hinckley, Allen & Snyder LLP
                28 State Street
                Boston, MA 02109
                Phone: (617) 345-9000
                Fax: (617) 345-9020
                mconnolly@hinckleyallen.com
                langelini@hinckleyallen.com
                *Attorneys for Anthony Gattineri*

Dated: March 7, 2016

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, I hereby certify that counsel for Defendants have in good faith attempted to confer with counsel for the Government to resolve or narrow the issues presented by this motion, and that the disputed issues remain unresolved.

/s/ *Joshua S. Levy*

## CERTIFICATE OF SERVICE

I, Joshua S. Levy, hereby certify that, on March 7, 2016, true and accurate copies of the foregoing were served on counsel for the Government through ECF.

/s/ *Joshua S. Levy*