UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>(1) DUSTIN J. DENUNZIO,<br>(2) ANTHONY GATTINERI, and<br>(3) CHARLES A. LIGHTBODY,<br><br>Defendants. | Criminal No: 14-CR-10284-NMG |

**MEMORANDUM IN SUPPORT OF DUSTIN DENUNZIO'S
AND CHARLES LIGHTBODY'S MOTION *IN LIMINE*
FOR A LIMITING INSTRUCTION REGARDING
ANTHONY GATTINERI'S "PERSONAL FINANCIAL STATEMENTS"**

Defendants Dustin DeNunzio and Charles Lightbody have moved *in limine* for a limiting instruction regarding the "personal financial statements" that Defendant Anthony Gattineri submitted to Rockland Trust in April 2012 and March 2013 in connection with a business loan that is not otherwise relevant to this case. Based on grand jury materials and prior filings, the Government apparently intends to introduce those "personal financial statements" against Mr. Gattineri under the "party-opponent" rule, Fed. R. Evid. 801(d)(2)(A).[1] Because those documents are inadmissible hearsay as to Mr. DeNunzio and Mr. Lightbody, the Court is required to explain to the jury that the documents are not evidence against Mr. DeNunzio and Mr. Lightbody.

---

[1] The Government is not scheduled to disclose its Exhibit List until March 14, 2016, so at this point in time Mr. DeNunzio and Mr. Lightbody do not know what other documents the Government might try to introduce against Mr. Gattineri under the party-opponent rule.

1

**RELEVANT FACTS**

In December 2012, the law firm of Davis Malm & D'Agostine drafted a contract between Mr. Gattineri and Mr. Lightbody. That contract describes an unconditional agreement by Mr. Lightbody to sell his 12% interest in FBT Everett Realty LLC to Mr. Gattineri for $1.7 million.[2] The Government's theory is that this contract is not really a contract, but rather is a legally invalid sham document designed to fool Wynn Resorts Limited about FBT's equity owners.

In support of its sham-buyout theory, the Government intends to introduce into evidence the personal financial statements that Mr. Gattineri submitted to Rockland Trust in April 2012 and March 2013 in connection with a business loan that is otherwise irrelevant to this case. On the financial statement submitted in April 2012, attached hereto as Exhibit A, Mr. Gattineri listed $4.2 million as the market value of his "winchester and everett land."[3] Exh. A at 3. On the statement that Mr. Gattineri submitted in March 2013, attached hereto as Exhibit B, Mr. Gattineri again listed $4.2 million as the market value of the "Winchester + Everett land," and wrote the word "None" on the schedule asking for information regarding "notes payable" to banks and other creditors. Exh. B at 3.

The Government intends to introduce those two financial statements to prove the truth of the matters asserted therein: namely, that **(1)** Mr. Gattineri's real estate holdings in Winchester and Everett had the same value in March 2013 as they did in April 2012, and **(2)** Mr. Gattineri did not take on any new "notes payable" between April 2012 and March 2013. That, the Government says, is proof that Mr. Gattineri's agreement to purchase of Mr. Lightbody's 12%

---

[2] As consideration for the sale, Mr. Gattineri provided Mr. Lightbody with a promissory note bearing an interest rate of 7%. That promissory note, including interest, has been paid in full.

[3] The Winchester land is not related to FBT or this case.

interest in FBT was a sham. Had Mr. Gattineri's purchase of Mr. Lightbody's 12% share been *bona fide*, the Government's argument goes, it might not have impacted Mr. Gattineri's total net worth (because the purchase was completely financed by a promissory note), but it technically would have required Mr. Gattineri to increase the fair market value of his "Winchester and Everett real estate" by $1.7 million and enter a new, offsetting "notes payable" amount of $1.7 million on Schedule C of the bank's form.[4]

## ARGUMENT

The personal financial statements that Mr. Gattineri submitted to Rockland Trust are hearsay as to Mr. DeNunzio and Mr. Lightbody, and they do not come within any hearsay exception. Accordingly, if the Government seeks to introduce the documents against Mr. Gattineri under the party-opponent rule, the Court must issue the jury a limiting instruction that the documents are not evidence against Mr. DeNunzio and Mr. Lightbody.

### I.   Mr. Gattineri's Personal Financial Statements Are Hearsay as to Mr. DeNunzio and Mr. Lightbody.

Mr. Gattineri's personal financial statements are relevant only insofar as they are assumed to be factually accurate and introduced to prove the truth of the matters asserted therein: namely, that (**1**) the value of Mr. Gattineri's "Winchester and Everett real estate" holdings held steady between April 2012 and March 2013, and (**2**) Mr. Gattineri did not in fact take on a new $1.7 million promissory note liability between April 2012 and March 2013. Mr. Gattineri's personal financial statements have no conceivable non-hearsay relevance as to Mr. DeNunzio and Mr. Lightbody. Thus, the personal financial statements are pure hearsay as to Mr. DeNunzio

---

[4] In other words, the Government's position is not that Mr. Gattineri understated or overstated his net worth on the personal financial statement, but rather that he did not use the proper formal accounting methods.

and Mr. Gattineri and cannot be introduced against Mr. DeNunzio or Mr. Lightbody unless a hearsay exception applies.

## II.     The Personal Financial Statements Do Not Come Within Any Hearsay Exception.

None of the hearsay exceptions in Rule 803 or Rule 804 apply to Mr. Gattineri's personal financial records. To the extent the Government argues that the documents come within Rule 803(6), the so-called "business records exception," that argument can be rejected out of hand.

To be sure, the underlying Rockland Trust form that Mr. Gattineri filled out is one that the bank uses in the ordinary course. But that is not the issue under Rule 803(6). The relevant information is not the portion of the form that Rockland Trust created, but rather the financial information that Mr. Gattineri then wrote in by hand.

The business records exception "does not embrace statements contained within a business record that were made by one who is *not* a part of the business if the embraced statements are offered for their truth." *United States v. Vigneau*, 187 F.3d 70, 75 (1st Cir. 1999) (emphasis in original). By the Rule 803(6)'s own terms, the information Mr. Gattineri's wrote on the forms would be admissible as hearsay only if the Government could show that "*making* the record was a regular [business] practice of" Mr. Gattineri, the declarant. Fed. R. Evid. 803(6)(C) (emphasis added). The Government cannot make that showing. Mr. Gattineri was not acting as an employee of Rockland Trust, he was acting as a customer; and filling out personal financial statements was a once-per-year exercise for him, not a "regular practice" of his commercial real estate investments or activities.[5] As the Advisory Committee notes to Rule 803(6) explain, if "the *supplier* of the information does not act in the regular course [of his business]," then any

---

[5] Indeed, the email exchange between Mr. Gattineri and Daniel Ciotti, a loan officer at Rockland Trust, regarding Mr. Gattineri's 2012 form underscores this point beyond dispute. That exchange is attached hereto as Exhibit C. Mr. Gattineri initially provided an incomplete financial statement and Mr. Ciotti had to ask Mr. Gattineri to resubmit the form. *See* Exh. C at 2.

"assurance of accuracy" in the information is lost, and Rule 803(6) does not apply. Fed. R. Evid. 803, Advisory Committee Notes to Paragraph 6.

### III. The Personal Financial Statements Cannot Be Introduced Against Mr. DeNunzio and Mr. Lightbody Under Rule 801(d)(2)(E).

In addition to having no plausible argument that the personal financial statements are admissible under a hearsay exception, the Government has no plausible argument that the documents can be admitted as non-hearsay statements in furtherance of the charged conspiracy, Fed. R. Evid. 801(d)(2)(E).

First Circuit law is clear that, to be admitted as non-hearsay under Rule 801(d)(2)(E), it is not enough that an alleged member of the charged conspiracy made the statement at issue. *See United States v. Sepulveda*, 15 F.3d 1161, 1181-82 (1st Cir. 1993). Rather, the prosecution must come forward with evidence that convinces the court that "it is more likely than not . . . that the statement was in furtherance of the conspiracy." *United States v. Petrozziello*, 548 F.2d 20, 23 (1st Cir. 1977). The Government certainly cannot make that showing. It is undisputed that Mr. Gattineri completed and submitted to Rockland Trust as part of a *pro forma*, annual review process that the bank imposed on Mr. Gattineri in his role as guarantor on a business loan that had no connection whatsoever to FBT. Moreover, it would be completely illogical for the Government to argue that Mr. Gattineri was seeking to further the charged conspiracy by making statements to Rockland Trust that, under the Government's theory of the statements' relevance, inadvertently unveiled the conspiracy to a third party.

## CONCLUSION

For the reasons discussed above, Mr. DeNunzio and Mr. Lightbody's motion *in limine* should be granted. Mr. DeNunzio and Mr. Lightbody may request similar limiting instructions as to other out-of-court statements that the Government might seek to introduce against Mr. Gattineri's under Rule 801(d)(2)(A).

Respectfully submitted,

/s/ Joshua S. Levy
Joshua S. Levy (BBO #563017)
Aaron M. Katz (BBO #662457)
Alexandra L. Roth (BBO # 687847)
Ropes & Gray LLP
Prudential Center
800 Boylston St.
Boston, MA 02199
Phone: (617) 951-7000
Fax: (617) 951-7050
Joshua.Levy@ropesgray.com
Aaron.Katz@ropesgray.com
Alexandra.Roth@ropesgray.com
*Attorneys for Dustin DeNunzio*

/s/ Charles W. Rankin
Charles W. Rankin (BBO #411780)
Rankin & Sultan
151 Merrimac St. #200
Boston, MA 02114
crankin@rankin-sultan.com
*Attorney for Charles Lightbody*

Dated: March 7, 2016

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, I hereby certify that counsel for Defendants have in good faith attempted to confer with counsel for the Government to resolve or narrow the issues presented by this motion, and that the disputed issues remain unresolved.

                                                             /s/ *Joshua S. Levy*_____
                                                                    Joshua S. Levy

## CERTIFICATE OF SERVICE

I, Joshua S. Levy, hereby certify that, on March 7, 2016, true and accurate copies of the foregoing were served on counsel for the Government through ECF.

                                                             /s/ *Joshua S. Levy*_____
                                                                   Joshua S. Levy