**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | |
| ) | |
| **(1) DUSTIN J. DENUNZIO,** ) | **Criminal No: 14-CR-10284-NMG** |
| **(2) ANTHONY GATTINERI, and** ) | |
| **(3) CHARLES A. LIGHTBODY,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM IN SUPPORT OF DUSTIN DENUNZIO'S
AND ANTHONY GATTINERI'S MOTION *IN LIMINE*
FOR A LIMITING INSTRUCTION REGARDING
CHARLES LIGHTBODY'S STATEMENTS TO FIRST IPSWICH BANK**

Defendants Dustin DeNunzio and Anthony Gattineri have moved *in limine* for a limiting instruction regarding the "personal financial statement" and related information that Defendant Charles Lightbody provided to First Ipswich Bank in September 2012 and, according to the Government, late December 2012 or early January 2013 in connection with two loans that have nothing to do with FBT Everett Realty LLC and are not otherwise relevant to this case. Based on grand jury materials and prior filings, the Government apparently intends to introduce those materials against Mr. Lightbody under the "party-opponent" rule, Fed. R. Evid. 801(d)(2)(A).[1] Because those documents are inadmissible hearsay as to Mr. DeNunzio and Mr. Gattineri,

---

[1] The Government is not scheduled to disclose its Exhibit List until March 14, 2016, so at this point in time Mr. DeNunzio and Mr. Gattineri do not know what other documents the Government might try to introduce against Mr. Lightbody under the party-opponent rule.

however, the Court is required to explain to the jury that the documents are not evidence against Mr. DeNunzio and Mr. Gattineri.

## RELEVANT FACTS

In September 2012, Mr. Lightbody called Paul Simms, a loan officer at First Ipswich Bank, regarding his desire to refinance two outstanding loans. At the start of the refinancing process, Mr. Lightbody submitted a "personal financial statement" to First Ipswich Bank, attached hereto as Exhibit A. In connection with the submission of the financial statement, Mr. Lightbody also provided information about his real estate holdings as of September 2012 to Mr. Simms. From the information provided by Mr. Lightbody, Mr. Simms constructed a "Schedule of Real Estate Owned" for Mr. Lightbody, attached hereto as Exhibit B, and dated September 26, 2012. That schedule reflects that as of September 26, Mr. Lightbody represented to Mr. Simms that he retained a 13.5% interest in "90 Alford St., Everett, MA,"[2] which had a Fair Market Value listed as "TBD." *See* Exh. B.

Mr. Simms subsequently drafted and submitted two Loan Offering Sheets to his superiors for approval: one for a refinancing of a loan on 4-6 & 8 Argyle Street in Winthrop, Massachusetts, attached hereto as Exhibit C, and one for the refinancing of existing debt on 8 Revere Street in Revere, Massachusetts, attached hereto as Exhibit D. Mr. Lightbody was a guarantor on both loans. In the guarantor analyses, Mr. Simms wrote that Mr. Lightbody has a "13.5% interest" in the Everett parcel, and that "[h]e and his partners just signed an agreement with Steve W[y]nn to sell the property, with W[y]nn applying for a casino license. Mr. Lightbody's investment in the property is $1.5MM, but may be worth in excess of $10MM in a

---

[2] 90 Alford Street is the address of the Everett Parcel.

year." Exh. C at 6, Exh. D at 6.  In his grand jury testimony, Mr. Simms testified that this statement was based on a conversation that he had with Mr. Lightbody at some point in December 2012.

The Government intends to introduce Mr. Lightbody's personal financial statements, as well as Mr. Simms's guarantor analyses, to prove the truth of the matters asserted therein: namely, that **(1)** Mr. Lightbody held an equity interest in FBT as of September 26, 2012, and **(2)** as of his December 2012 conversation with Mr. Simms, Mr. Lightbody still had an equity interest in FBT.  The Government believes that this is therefore circumstantial evidence that Mr. Lightbody held an equity interest as of January 17, 2013, when Mr. DeNunzio advised Wynn Resorts Limited's general counsel that the equity owners of FBT were Mr. DeNunzio, Mr. Gattineri, and non-defendant Paul Lohnes.

## ARGUMENT

Mr. Lightbody's statements relating to his financial situation provided to First Ipswich Bank are inadmissible hearsay as to Mr. DeNunzio and Mr. Gattineri.  They are inadmissible as to Mr. DeNunzio and Mr. Gattineri for substantially the same reasons as Mr. Gattineri's "personal financial statements" submitted to Rockland Trust are inadmissible as to Mr. DeNunzio and Mr. Lightbody.  To avoid repetition, Mr. DeNunzio and Mr. Gattineri incorporate the arguments made in Mr. DeNunzio and Mr. Lightbody's Motion *in Limine* for a Limiting Instruction Regarding Mr. Gattineri's Financial Statements, also filed today.

Just as this Court should issue a limiting instruction that Mr. Gattineri's Rockland Trust documents are not evidence against Mr. DeNunzio or Mr. Lightbody, so too should there be a limiting instruction that Mr. Lightbody's statements to First Ipswich Bank are not evidence against Mr. DeNunzio or Mr. Gattineri.

## CONCLUSION

For the reasons discussed above, Mr. DeNunzio's and Mr. Gattineri's motion *in limine* should be granted.

Respectfully submitted,

/s/ Joshua S. Levy
Joshua S. Levy (BBO #563017)
Aaron M. Katz (BBO #662457)
Alexandra L. Roth (BBO # 687847)
Ropes & Gray LLP
Prudential Center
800 Boylston St.
Boston, MA 02199
Phone: (617) 951-7000
Fax: (617) 951-7050
Joshua.Levy@ropesgray.com
Aaron.Katz@ropesgray.com
Alexandra.Roth@ropesgray.com
*Attorneys for Dustin DeNunzio*

/s/ Michael J. Connolly
Michael J. Connolly (BBO #638611)
Laura B. Angelini (BBO #658647)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
Phone: (617) 345-9000
Fax: (617) 345-9020
mconnolly@hinckleyallen.com
langelini@hinckleyallen.com
*Attorneys for Anthony Gattineri*

Dated: March 7, 2016

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, I hereby certify that counsel for Defendants have in good faith attempted to confer with counsel for the Government to resolve or narrow the issues presented by this motion, and that the disputed issues remain unresolved.

/s/ *Joshua S. Levy*
Joshua S. Levy

## CERTIFICATE OF SERVICE

I, Joshua S. Levy, hereby certify that, on March 7, 2016, true and accurate copies of the foregoing were served on counsel for the Government through ECF.

/s/ *Joshua S. Levy*
Joshua S. Levy