**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**UNITED STATES OF AMERICA,**

**v.**

**(1) DUSTIN J. DENUNZIO,**
**(2) ANTHONY GATTINERI, and**
**(3) CHARLES A. LIGHTBODY,**

**Defendants.**

**Criminal No: 14-CR-10284-NMG**

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE CERTAIN EVIDENCE IDENTIFIED IN THE GOVERNMENT'S RULE 404(b) NOTICE OR IN THE ALTERNATIVE TO COMPEL THE GOVERNMENT TO PROVIDE A MORE DEFINITE DESCRIPTION OF THE EVIDENCE IT INTENDS TO INTRODUCE PURSUANT TO RULE 404(b)**

The Court's scheduling order required the Government to provide to the defense by February 12, 2016 notice of its intention to introduce evidence pursuant to Federal Rule of Evidence 404(b). On that date, the Government informed the Defendant via letter, attached hereto as Exhibit A, that, among other extrinsic acts, the Government intends to prove at trial (1) Dustin DeNunzio at some unspecified points in time deleted unspecified "inculpatory emails" from his business email account (the "email deletion" allegation); and (2) the attorney representing FBT Everett Realty LLC failed to produce unspecified "inculpatory emails" that the Government apparently believes were responsive to the vague grand jury subpoena duces tecum that was served on FBT in the summer of 2013 (the "inadequate subpoena compliance" allegation). Exhibit A at 3. When defense counsel advised the Government that its Rule 404(b) notice failed to provide the details that Rule 404(b)'s pretrial notice provision requires, the

Government responded that further details would be forthcoming, if at all, when the parties exchange their exhibit lists several weeks from now. *See* Exhibit B.

The Government's Rule 404(b) notice is inadequate, and it is no answer for the Government to say that it will cure the inadequacy several weeks from now, after the deadline for filing motions *in limine*, when it provides its exhibit list to the defense. Rather than providing the defense with a "general description" of the *evidence* that it intends to present, as Rule 404(b)(2)(A)'s plain language requires, the Government has simply informed the defense that it intends to prove unspecified acts of document destruction and document concealment, in the latter case holding against the three defendants the acts of FBT's attorney. The Government's "notice" is thus patently deficient, and leaves Defendants unable to anticipate and prepare for the actual *evidence* that the Government intends to introduce at trial. It likewise leaves the Court with no way to determine whether the evidence satisfies Rule 404(b)'s two-part test for admissibility.

For the reasons explained below, the email deletion and the inadequate subpoena compliance allegations in the Government's Rule 404(b) notice should be stricken due to a failure to comply with Rule 404(b)'s notice requirements. "Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met." Fed. R. Evid. R. 404(b), Notes of the Advisory Committee on the 1991 Amendments. In the alternative, the Government should be required to immediately provide the defense with a more definite description of the "inculpatory emails" that Mr. DeNunzio supposedly deleted and that FBT's attorney supposedly failed to produce to the grand jury.

**ARGUMENT**

The Government claims that unspecified "inculpatory emails" sent or received by Mr. DeNunzio were not produced by "Rackspace," the third-party Internet company that maintained Mr. DeNunzio's email account, in response to a search warrant Rackspace received. The Government presumes that the emails were not produced by Rackspace because Mr. DeNunzio intentionally deleted them at some unspecified points in time. The Government also claims that certain "inculpatory documents" were not produced by FBT in response to a grand jury subpoena it received. The Government presumes that the supposed nonproduction must owe to some malicious acts of Defendants, such as concealing them from FBT's attorney or instructing FBT's attorney not to produce them, rather than an independent discretionary decision on the part of FBT's attorney that the documents were not responsive to the subpoena the company received.

Critical to Defendants' ability to prepare to defend against or move to exclude the evidence the Government intends to introduce to prove up its allegations — and to this Court's ability to evaluate the admissibility of that evidence — is the identification of the inculpatory emails and documents that were allegedly not properly preserved or produced.[1] By any measure, the Government's Rule 404(b) notice falls short as to both allegations.

---

[1] Although the Government claims otherwise in the preamble to its Rule 404(b) notice, *see* Exhibit A at 1, both categories of evidence at issue here are plainly extrinsic to the crimes charged in this case. Where a defendant is alleged to have engaged in wrongful acts *after* the completion of the charged offense, evidence of those acts is "extrinsic" for purposes of Rule 404(b) to the extent they are introduced to show "consciousness of guilt." *E.g.*, *United States v. Burnett*, 579 F.3d 129, 133 (1st Cir. 2009) (evidence that defendant threatened a witness prior to trial could only be introduced under Rule 404(b) to "demonstrate[e] consciousness of guilt by showing the lengths to which a defendant will go to keep damaging testimony out of his trial"); *United States v. Smith*, 402 F. App'x 934, 935-36 (5th Cir. 2010) (unpublished) (subjecting to a Rule 404(b) analysis evidence of the defendant's post-offense "efforts to influence witnesses and to discourage them from testifying candidly").

The deficiencies in the Rule 404(b) notice relating to the inadequate subpoena compliance allegation are particularly glaring: Defendants never personally received subpoenas duces tecum, nor did they control the production decisions that FBT's attorneys made in response to the vague grand jury subpoena that FBT received. Furthermore, the allegation that FBT "failed" to produce documents in response to the grand jury subpoena it received is premised entirely on the Government's own subjective determination of what documents definitely fell within the scope of the grand jury subpoena duces tecum FBT received. Defendants have no way to respond to that premise, and the Court has no way to rule on the admissibility of the Government's allegation, because the Government has refused to identify which documents were wrongly withheld (that is, definitely responsive to the subpoena but nevertheless not produced) by FBT's attorney. The Government simply wants Defendants, and by extension the Court, to guess as to which documents were wrongly withheld by FBT's attorney and then also to guess as to how they are responsible for FBT's attorney's nonproduction. Similar problems exist with respect to the email deletion allegation.

All of this is totally irreconcilable with Rule 404(b)'s notice provision. The purpose of the notice requirement is "to reduce surprise and promote early resolution on the issue of admissibility." *Id.*, Notes of the Advisory Committee on the 1991 Amendment. For these reasons, a "court may require the government to disclose to it the specifics of such evidence which the court must consider in determining admissibility." Id.

Here, Defendants have no true notice of what evidence the Government intends to present as to the email deletion and inadequate subpoena compliance allegations and therefore cannot properly prepare a defense. Moreover, the Government's sparse Rule 404(b) notice makes it impossible for this Court to determine whether the Government can satisfy the first prong of the

Rule 404(b) two-prong test for admissibility: showing that the extrinsic bad act in fact occurred and that the defendant in fact committed it. *United States v. DeCicco*, 370 F.3d 206, 211 (1st Cir. 2004) (citing *United States v. Beechum*, 582 F.2d 898, 912-13 (5th Cir. 1978) (en banc)); *see also United States v. Huddleston*, 485 U.S. 681, 689 (1988). If the email deletions and subpoena compliance failures did not occur or occurred for non-malicious reasons (or reasons not fairly attributable to Defendants), they are not relevant and must be excluded. *Cf. id.* (the Government may not "parade past the jury a litany of potentially prejudicial . . . acts that have been established or connected to the defendant only by unsubstantiated innuendo"). Because the Government's Rule 404(b) notice is silent on the *evidence* it intends to introduce to support its email deletion and subpoena noncompliance allegations, it is impossible for the Court to rule on the admissibility of the evidence. The notice thus fails to satisfy Rule 404(b)(2)(A). *See United States v. Barnes*, 49 F.3d 1144, 1148-49 (6th Cir. 1995) ("[T]he notice given to the defense regarding [other acts] evidence must be sufficiently clear so as to permit pretrial resolution of the issue of its admissibility." (internal quotation marks and citation omitted)).

In consideration of this motion, it is worth noting that the Government recently advised defense counsel that paragraph 45 of the Indictment, which alleged that Mr. Gattineri deleted seven months' worth of email, is factually unfounded, as the Government recently discovered during its trial preparation.

**CONCLUSION**

For the reasons discussed above, the Court should strike the Government's email deletion and subpoena noncompliance allegations for failure to satisfy Rule 404(b)'s notice requirements. Alternatively, the Court should order the Government to specify the allegedly deleted emails and the documents that FBT's attorney wrongly withheld from the grand jury,

along with an explanation for why Defemdants can be held responsible for FBT's attorney's failings. If the Court gives the Government a second chance at complying with Rule 404(b)'s notice requirement, Defendants request that the Court provide them 7 days from receipt of the Government's supplemental notice to move *in limine* to exclude the evidence for failure to satisfy Rule 404(b)'s two-prong test.

Respectfully submitted,

/s/ Joshua S. Levy
Joshua S. Levy (BBO #563017)
Aaron M. Katz (BBO #662457)
Alexandra L. Roth (BBO # 687847)
Ropes & Gray LLP
Prudential Center
800 Boylston St.
Boston, MA 02199
Phone: (617) 951-7000
Fax: (617) 951-7050
Joshua.Levy@ropesgray.com
Aaron.Katz@ropesgray.com
Alexandra.Roth@ropesgray.com
*Attorneys for Dustin DeNunzio*

/s/ Michael J. Connolly
Michael J. Connolly (BBO #638611)
Laura B. Angelini (BBO #658647)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
Phone: (617) 345-9000
Fax: (617) 345-9020
mconnolly@hinckleyallen.com
langelini@hinckleyallen.com
*Attorneys for Anthony Gattineri*

/s/ Charles W. Rankin
Charles W. Rankin (BBO #411780)
Rankin & Sultan
151 Merrimac St. #200
Boston, MA 02114
crankin@rankin-sultan.com
*Attorney for Charles Lightbody*

Dated: March 7, 2016

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1, I hereby certify that counsel for Defendants have in good faith attempted to confer with counsel for the Government to resolve or narrow the issues presented by this motion, and that the disputed issues remain unresolved.

/s/ *Joshua S. Levy*
Joshua S. Levy

**CERTIFICATE OF SERVICE**

I, Joshua S. Levy, hereby certify that, on March 7, 2016, true and accurate copies of the foregoing were served on counsel for the Government through ECF.

/s/ *Joshua S. Levy*
Joshua S. Levy