EXHIBIT A



**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*    *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 12, 2016

<u>**Via E-Mail**</u>

Joshua S. Levy, Esq.
Ropes & Gray
Prudential Tower
800 Boylston Street
Boston, MA 02199

Michael J. Connolly, Esq.
Hinkley, Allen & Snyder LLP
28 State Street
Boston, MA 02109

Charles W. Rankin, Esq.
Rankin & Sultan
151 Merrimac Street
Second Floor
Boston MA 02114

> Re:   United States v. Denunzio, et al.
>       <u>Criminal No. 14-CR-10284-NMG</u>

Dear Counsel:

This letter provides information pursuant to the Court's January 29, 2016 Order requiring the government to disclose a general description of any crime, wrong, or act the government proposes to offer pursuant to Fed. R. Evid. 404(b).  However, it should be duly noted that in providing this information in this format, the government is not acceding to a characterization of such evidence as governed by Rule 404(b).

To the contrary, in the government's view, except for the evidence regarding the attempt by defendants Dustin DeNunzio and Charles Lightbody to purchase the King Arthur strip club in 2013, outlined in Section 4 below, the evidence set forth herein is intrinsic to, and/or direct evidence of, the offenses as alleged in the Indictment.  *See United States v. Gobbi*, 471 F.3d 302, 311 (1st Cir. 2007) ("The prohibition against 'other acts' evidence typically refers to evidence that is extrinsic to the crime charged and introduced for the purpose of the purpose of showing

propensity."); *United States v. DeLuna*, 763 F.2d 897, 913 (1st Cir. 1985) ("Evidence which is probative of the crime charged, and not solely uncharged crimes, is not 'other crimes' evidence.") (Citations omitted); *United States v. Villarman-Oviedo*, 325 F.3d 1, 11 (1st Cir. 2003) (Rule 404(b) is "not implicated at all" when evidence is "intrinsic to the crime charged in the indictment") (citation omitted). Evidence that is "intertwined" with the criminal conduct at issue is similarly admissible as non-404(b) evidence. *See United States v. Epstein*, 426 F.3d 431, 439 (1st Cir. 2005) (tax return which failed to indicate money obtained from illegal acts was part and parcel of case); *see also United States v. Freeman*, 434 F.3d 369, 374 (5th Cir. 2005) ("Evidence of acts other than conduct related to the offense is intrinsic when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a single criminal episode or the other acts were 'necessary preliminaries' to the crime charged.") (Internal quotations and citations omitted).

As such, both case law and the 1991 Advisory Committee Note to Rule 404(b) agree that the notice provision does not extend to such evidence. *See e.g., United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995). Even so, in an effort to afford the defendants the widest opportunity to prepare and raise any arguments they deem legally sustainable regarding the admission of the identified evidence, the government has been overly inclusive in this disclosure. With this construct in mind, if some piece of evidence is omitted from this letter, the government reserves the right to argue its admission on any proper legal basis.

### 1.  Details Regarding Defendant Charles Lightbody's Criminal Convictions

As alleged in the Indictment and as evidence of the charged offenses, the government intends to introduce testimony and exhibits regarding defendant Lightbody's criminal history, including the factual basis for any charges on which he was ultimately convicted.

### 2.  Details Regarding Defendant Charles Lightbody's Organized Crime Association

As alleged in the Indictment and as evidence of the charged offenses, the government intends to introduce testimony and exhibits regarding Lightbody's relationship with Darin Bufalino, and regarding Bufalino's association with the New England La Cosa Nostra (the NELCN). Such evidence includes, without limitation, testimony regarding the NELCN and Bufalino's association with the NELCN, statements made by Lightbody and Bufalino, and documents and testimony regarding payments Lightbody made to or on behalf of Bufalino.

### 3.  Acts of Concealment and Consciousness of Guilt

As evidence of the charged offenses, the government intends to offer evidence of conduct, including making false exculpatory statements, committed by the defendants to conceal their participation in the charged scheme. Such evidence includes, without limitation, the following:

  o  All acts of concealment and consciousness of guilt alleged in the Indictment;

- o Evidence that, in or around August 2012, Lightbody and other FBT partners contemplated putting Lightbody's interest in FBT in the name of a "blind LLC" in order to conceal Lightbody's interest in FBT from potential casino operators;

- o Evidence regarding any and all lies defendants told IEB investigators in and after July 2013;

- o Evidence that defendants contemplated using an IRS Section 1031 exchange to secretly funnel the proceeds of the sale of the Everett Parcel to Wynn to Lightbody;

- o Evidence of defendants' failure to disclose to the MGC or to Wynn that ███ ███ had a three percent interest in FBT Everett LLC and/or the Everett Parcel until December 2013, as alleged in the Indictment;

- o Evidence of Dustin DeNunzio's deletion of inculpatory emails from his Rackspace email account;  and

- o Evidence of defendants' failure to produce certain inculpatory emails in response to grand jury subpoenas.

## 4. Details Regarding Attempt By Defendants Lightbody and Dustin DeNunzio to Purchase the King Arthur Strip Club

Pursuant to Federal Rule of Evidence 404(b)(2), the government intends to offer evidence that DeNunzio, Lightbody and Russo conspired to hide Lightbody's interest in another investment at the same time that the IEB was investigating Lightbody's interest in FBT and the Everett Parcel.  Specifically, DeNunzio, Lightbody and Russo arranged to purchase the King Arthur's strip club in Chelsea, Massachusetts but conspired to hide Lightbody's interest from Chelsea city officials in order to obtain their support for the transfer of the business, including the liquor and entertainment licenses.  Such evidence includes, without limitation, the anticipated testimony of Jay Ash and Stephen Guttadauro, emails obtained from DeNunzio's email account, statements made by Lightbody in jail calls with Bufalino and in calls intercepted pursuant to Title III, bank records, statements made by DeNunzio during recorded conversations with Jay Ash, and statements made by DeNunzio and Lightbody to IEB investigators in July 2013.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By:    /s/Kristina E. Barclay
        Kristina E. Barclay
        S. Theodore Merritt
        Assistant U.S. Attorneys