**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | |
| ) | |
| **(1) DUSTIN J. DENUNZIO,** ) | **Criminal No: 14-CR-10284-NMG** |
| **(2) ANTHONY GATTINERI, and** ) | |
| **(3) CHARLES A. LIGHTBODY,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM IN SUPPORT OF DUSTIN DENUNZIO'S**
**MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT**
**FROM MAKING INFLAMMATORY AND GRATUITOUS**
<u>**REFERENCE TO HIS SOCIAL LIFE**</u>

Defendant Dustin DeNunzio has moved *in limine* to preclude the Government from making inflammatory and gratuitous reference to his social life. Mr. DeNunzio has filed that motion in an abundance of caution, based on a handful of isolated instances in the grand jury where the prosecutor drew attention to aspects of Mr. DeNunzio's social life that are not relevant and, if introduced at trial, would create a serious risk of unfairly inflaming the petit jurors' passions. Because gratuitous reference to aspects of Mr. DeNunzio's social life that jurors might find unflattering or distasteful would cause Mr. DeNunzio seriously unfair prejudice, Mr. DeNunzio's counsel respectfully asks that the Court preclude even subtle attempts by the prosecution to wade into those prohibited waters.

1

For purposes of this memorandum of law, Mr. DeNunzio wishes to highlight two illustrative examples of the prosecution eliciting testimony regarding inflammatory and irrelevant aspects of Mr. DeNunzio's social life:

First, the grand jurors were presented with a 21-page chart prepared by FBI Special Agent Matthew Elio purporting to describe a timeline of relevant events. The chart includes entries for three text messages that Mr. DeNunzio sent to Charles Lightbody between 10:32 p.m. on July 2, 2013 and 1:41 a.m. on July 3, 2013. The text messages read: "Hey – you guys want to meet at centerfolds in a little bit? See some ass – do some research?" "We are going to crush it this shit is bush league." "Trip [McCoy] may blow his whole commission in here." This trio of text messages, in which Mr. DeNunzio describes a several hour visit to Centerfolds strip club, is not related to any relevant, disputed issue in the case. At most, it corroborates a fact that Mr. DeNunzio concedes, which is that as of July 2, 2013, Mr. DeNunzio was contemplating that he and Mr. Lightbody would be co-purchasers of the King Arthur's strip club in Chelsea.[1] Thus, this trio of text messages does not even satisfy the threshold test of relevance under Federal Rules of Evidence 401 and 402. At the same time, drawing the jury's attention to this aspect of Mr. DeNunzio's social life creates a "serious potential for inflaming moral prejudice against" Mr. him. *United States v. Cooper*, 286 F. Supp. 2d 1283, 1291 (D. Kan. 2003). This is why the district court in *Cooper* precluded the prosecution in a financial fraud case from introducing evidence of the defendants' involvement with strip clubs and other "inflammatory moral issues." *Id.*

---

[1] "[D]o some research" was presumably a reference to market research, and "[w]e are going to crush it" a reference to Mr. DeNunzio's belief that he could make King Arthur's a higher quality and more popular club than Centerfold's.

2

Second, the prosecution called as a witness in the grand jury a woman named Shannon Long, who has known Mr. DeNunzio since 2009.  The prosecutor asked Ms. Long, "Who is Dustin DeNunzio?"  Ms. Long answered that Mr. DeNunzio "is a friend I met through mutual friends in 2009" during "a girls' night with one – one of my girlfriends[.]"  The prosecutor decided to probe further, asking Ms. Long to "describe sort of the nature of your – your friendship with Dustin," which elicited a response about how Ms. Long was initially "romantic" with Mr. DeNunzio but that Mr. DeNunzio "was very up front about the fact that he was not ever going to settle down and have children . . . ."  The prosecutor also had Ms. Long describe a social evening she had in Florida with Mr. DeNunzio where "we got bottle service at the dance club, so, they bring over like the vodka with all the mixers."  If Ms. Long is called to testify at trial, there is simply no proper purpose for the prosecution to probe into "the nature" of her friendship with Mr. DeNunzio, to elicit details about Mr. DeNunzio's desire to remain a bachelor, or to ask for descriptions of Mr. DeNunzio's nightlife.  Such unnecessary probing would serve only to inflame the jurors' passions by painting Mr. DeNunzio as some sort of despicable playboy.

Unless the Government is prepared to permit Mr. DeNunzio's counsel to elicit on cross-examination all of the details regarding Mr. DeNunzio's extensive charitable work in the community, his loving relationship with his immediate and extended family, his consistent and continued mentorship of high-school and college student athletes in Florida and at Harvard University, the prosecution should be precluded from eliciting on direct examination, whether from Ms. Long or from any other witness, what really is just inflammatory character evidence.

>Respectfully submitted,
>
>/s/ Joshua S. Levy
>Joshua S. Levy (BBO #563017)
>Aaron M. Katz (BBO #662457)
>Alexandra L. Roth (BBO # 687847)
>Ropes & Gray LLP
>Prudential Center
>800 Boylston St.
>Boston, MA 02199
>Phone: (617) 951-7000
>Fax: (617) 951-7050
>Joshua.Levy@ropesgray.com
>Aaron.Katz@ropesgray.com
>Alexandra.Roth@ropesgray.com
>*Attorneys for Dustin DeNunzio*

Dated: March 7, 2016

### LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, I hereby certify that counsel for Defendants have in good faith attempted to confer with counsel for the Government to resolve or narrow the issues presented by this motion, and that the disputed issues remain unresolved.

>/s/ *Joshua S. Levy*
>Joshua S. Levy

### CERTIFICATE OF SERVICE

I, Joshua S. Levy, hereby certify that, on March 7, 2016, true and accurate copies of the foregoing were served on counsel for the Government through ECF.

>/s/ *Joshua S. Levy*
>Joshua S. Levy