UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**(1) DUSTIN J. DENUNZIO,**<br>**(2) ANTHONY GATTINERI, and**<br>**(3) CHARLES A. LIGHTBODY,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Criminal No:  14-CR-10284-NMG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE REFERENCE TO ANTHONY GATTINERI'S REFUSAL TO SIGN
MASSACHUSETTS GAMING COMMISSION CERTIFICATION**

Defendants Anthony Gattineri, Dustin DeNunzio and Charles Lightbody ("Defendants") respectfully move this Court *in limine* to exclude all evidence or testimony concerning Mr. Gattineri refusal to sign a "Confirmation of Representation" requested by the Massachusetts Gaming Commission concerning the identity of the owners of FBT Everett, LLC ("FBT"). As the Court is aware, FBT held title to the land in Everett, Massachusetts (the "Everett Parcel") that Wynn Resorts Limited ("Wynn") purchased and on which Wynn currently is developing a destination resort casino. This evidence should be excluded at trial because Mr. Gattineri's decision not to sign this document, during a brief period of time, was tied to his invocation of his Fifth Amendment privilege against self-incrimination. Allowing the Government to introduce this evidence at trial would effectively penalize Mr. Gattineri for exercising a fundamental constitutional right. Accordingly, the Court should preclude this evidence at trial.

**RELEVANT FACTS**

Pursuant to the Gaming Commission's directive, and in connection with the lowering of Wynn's purchase price of the Everett Parcel from $75 million to $35 million, Mr. DeNunzio and the third owner of FBT, an individual named Paul Lohnes, signed a "Confirmation of Representation," dated December 23, 2013, disclaiming the existence of any hidden ownership interests or unnamed and undisclosed beneficiaries in the event of a sale of the Everett Parcel to Wynn. The Confirmation of Representation further stated that the only owners of FBT were Mr. Gattineri, Mr. DeNunzio and Mr. Lohnes.

Mr. Gattineri initially did not sign the Confirmation of Representation. His decision not to do so was based on the advice from his criminal defense attorney and was predicated on his Fifth Amendment privilege against self-incrimination. Mr. Gattineri did eventually sign a certificate, dated June 14, 2014, asserting that he has not mortgaged or assigned his interest in FBT to any other party.

**ARGUMENT**

**Allowing the Government to Introduce Evidence Concerning Mr. Gattineri's Refusal to Sign the Gaming Commission Certification Would Impinge Upon a Fundamental Constitutional Right**

It is axiomatic that a defendant's Fifth Amendment rights are infringed upon when the invocation of those rights is used against him. *See, e.g.*, *United States v. Shaw*, 701 F.2d 367, 381 (5th Cir. 1983) (citing *Doyle v. Ohio*, 426 U.S. 610, 619 (1976) (stating that it would be "'fundamentally unfair' simultaneously to afford a suspect a constitutional right to silence following arrest and yet allow the implications of the silence to be used against him.") The First Circuit has held that it is impermissible for a prosecutor to attempt to use a defendant's invocation of his Fifth Amendment rights to imply guilt. *See, e.g.*, *United States v. Elkins*, 774

2

F.2d 530, 537-538 (1st Cir. 1985) (holding that a prosecutors statement regarding the defendants "demeanor" in response to questioning "invited the jury to infer guilty knowledge" and constituted error), *Booton v. Hanauer*, 541 F.2d 296, 299 (1st Cir. 1976) (stating that "a rule of inadmissibility is appropriate because the very introduction of such a refusal can give rise to an impermissible inference of guilt that constitutes a penalty upon the exercise of constitutionally-based rights").

Here, to allow the Government to introduce evidence concerning the fact that Mr. Gattineri refused to sign the Confirmation of Representation requested by the Gaming Commission would be tantamount to inviting the jury to infer guilty knowledge on the part of Mr. Gattineri based on conduct stemming directly from Mr. Gattineri's invocation of his Fifth Amendment privilege against self-incrimination.

What is more, since Mr. Gattineri did eventually sign a certificate, dated June 14, 2014, asserting that he has not mortgaged or assigned his interest in FBT to any other party, the fact that he did not sign the certification in the form presented by the Gaming Commission lacks probative value and would mislead and confuse the jury.  The effect of Mr. DeNunzio, Mr. Lohnes and Mr. Gattineri signing these certifications (either in the form presented by the Gaming Commission or in the form signed by Mr. Gattineri) was the same -- Wynn purchased the Everett Parcel, with the Gaming Commission's blessing, at a $40 million discount.  Thus, use of his invocation of his Fifth Amendment privilege would not only trample on Mr. Gattineri's constitutional rights, but any probative value of this evidence is strongly outweighed by the risk of unfair prejudice to Mr. Gattineri and jury confusion.

WHEREFORE, Defendants respectfully request that this Court exclude at trial all testimony regarding Mr. Gattineri's initial refusal to sign the Massachusetts Gaming Commission's "Confirmation of Representation."

Respectfully submitted,

/s/ Joshua S. Levy
Joshua S. Levy (BBO #563017)
Aaron M. Katz (BBO #662457)
Alexandra L. Roth (BBO # 687847)
Ropes & Gray LLP
Prudential Center
800 Boylston St.
Boston, MA 02199
Phone: (617) 951-7000
Fax: (603) 951-7050
Joshua.Levy@ropesgray.com
Aaron.Katz@ropesgray.com
Alexandra.Roth@ropesgray.com
*Attorneys for Dustin DeNunzio*

/s/ Charles W. Rankin
Charles W. Rankin (BBO #411780)
Rankin & Sultan
151 Merrimac St. #200
Boston, MA 02114
crankin@rankin-sultan.com
*Attorney for Charles Lightbody*

/s/ Michael J. Connolly
Michael J. Connolly (BBO #638611)
Laura B. Angelini (BBO #658647)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
Phone: (617) 345-9000
Fax: (617) 345-9020
mconnolly@hinckleyallen.com
langelini@hinckleyallen.com
*Attorneys for Anthony Gattineri*

Dated: March 7, 2016

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, I hereby certify that counsel for Defendants have in good faith attempted to confer with counsel for the Government to resolve or narrow the issues presented by this motion, and that the disputed issues remain unresolved.

/s/ *Joshua S. Levy*

## **CERTIFICATE OF SERVICE**

I, Joshua S. Levy, hereby certify that, on March 7, 2016, true and accurate copies of the foregoing were served on counsel for the Government through ECF.

/s/ *Joshua S. Levy*