CONFIDENTIAL - NOT FOR RELEASE

OPTION AGREEMENT

This Option Agreement (this "Agreement") is entered into December 19th, 2012 (the "Effective Date") by and among FBT Everett Realty, LLC, a Massachusetts limited liability company ("Seller") and Wynn MA, LLC, a Nevada limited liability company ("Purchaser"). The Seller and Purchaser are each sometimes separately referred to herein as a "Party" and collectively referred to herein as the "Parties."

RECITALS

A.  The Seller owns certain land described on Exhibit B attached hereto (the "Land").

B.  Purchaser desires that Seller grant to Purchaser an option to purchase the Land, together with all buildings and other improvements thereon, all contracts, permits and licenses related thereto and all coal, oil, gas, mineral and mineral rights, air rights, development rights, riparian and littoral rights, land under water, water and water rights, ditch and ditch rights which are situated on, under, or appurtenant to such property, and all of Seller' interest, if any, in any public streets, roads, highways, and alleys adjacent to such property, and all easements, rights-of-way and other rights appurtenant to such property (collectively, the "Property").

C.  Purchaser desires to develop a hotel gaming resort on all or a portion of the Property.

D.  Seller desires to grant to Purchaser an option to purchase the Property subject to the terms and conditions set forth in this Agreement.

AGREEMENT

NOW, THEREFORE, in consideration of the foregoing recitals, each of which is incorporated herein by this reference, and the mutual promises and covenants set forth herein, the receipt and sufficiency of which are hereby acknowledged, Seller and Purchaser agree as follows:

ARTICLE I
DEFINITIONS AND INTERPRETATION

1.1  **Definitions.** Capitalized terms used herein without definition shall have the meanings set forth on Exhibit A attached hereto.

1.2  **Interpretation and Rules of Construction.** In this Agreement, except to the extent otherwise provided or the context otherwise requires: (a) when a reference is made in this Agreement to an Article, Section, Appendix, Schedule or Exhibit, such reference is to an Article or Section of, or an Exhibit, Schedule or Appendix to, this Agreement unless otherwise indicated; (b) the headings for this Agreement are for reference purposes only and do not affect in any way the meaning or interpretation of this Agreement; (c) whenever the words "include," "includes" or "including" are used in this Agreement, they are deemed to be followed by the words "without being limited to"; (d) the words "hereof," "herein" and "hereunder" and words of

Produced Pursuant to Protective Order

USAO_CASINO_00015909

9.3.4 Purchaser shall, as reasonably requested by Seller, the Title Insurer or the Escrow Agent, execute, acknowledge and deliver, or cause to be executed, acknowledged and delivered, any and all conveyances, assignments and all other instruments and documents as may be reasonably necessary in order to complete the transaction herein provided and to carry out the intent and purposes of this Agreement.

## ARTICLE X
## CASUALTY AND CONDEMNATION

If, after the Effective Date and prior to the Closing Date, any portion of the Property is damaged by a natural disaster or other casualty or is taken by exercise of the power of eminent domain or any proceedings are threatened or instituted to effect such a taking, Seller shall promptly give Purchaser notice of such occurrence, and if in the commercially reasonable judgment of Purchaser such casualty or condemnation is material and would frustrate the Project or any material part thereof, Purchaser shall, within ninety (90) days after receipt of such notice, elect either (a) to terminate this Agreement, in which event all obligations of the Parties hereunder shall cease and this Agreement shall have no further force and effect, except as to those obligations which expressly survive termination of this Agreement, or (b) to close the transaction contemplated hereby as scheduled (except that if the Closing Date is sooner than thirty (30) days following Purchaser's receipt of such notice, Closing shall be delayed until Purchaser makes such election), without any abatement of or adjustment to Purchase Price as a result of such casualty or condemnation, in which case, Purchaser shall be paid the condemnation award or insurance proceeds which may be received by any of the Seller Persons in connection therewith. Purchaser shall be permitted to amend the Casino Application as necessary in Purchaser's sole discretion following a casualty or condemnation.

## ARTICLE XI
## BROKERAGE

Seller hereby represents and warrants to Purchaser that they have not dealt with any broker or finder with respect to the transaction contemplated hereby. Purchaser hereby represents and warrants to Seller that Purchaser has not dealt with any broker or finder with respect to the Property or any of the transactions contemplated hereby. Seller shall indemnify, defend and hold Purchaser harmless from any claim for brokerage commission or finder's fee asserted by any broker or finder or any other Person claiming to have been engaged by the Seller. Purchaser shall indemnify, defend and hold the Seller Persons harmless from any claim for brokerage commission or finder's fee asserted by any broker or finder or any other Person claiming to have been engaged by Purchaser.

## ARTICLE XII
## THIRD PARTY BENEFICIARIES AND ASSIGNMENT

12.1 **No Third Party Beneficiaries.** This Agreement is for the sole and exclusive benefit of the Parties hereto, and no third party other than a permitted assignee of Purchaser or Seller is contemplated to or shall have any rights hereunder.

22

Produced Pursuant to Protective Order

USAO_CASINO_00015930