# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **v.**<br><br>**(1) DUSTIN J. DENUNZIO,**<br>**(2) ANTHONY GATTINERI, and**<br>**(3) CHARLES A. LIGHTBODY,**<br><br>    **Defendants.** | **Criminal No:  14-CR-10284-NMG** |

## DEFENDANTS' MOTION TO PRECLUDE THE GOVERNMENT FROM INTRODUCING ALLEGATIONS THAT DEFENDANTS DID NOT ADEQUATELY RESPOND TO A GRAND JURY SUBPOENA DIRECTED TO FBT EVERETT REALTY

Last week, the Government provided a more definite description of its Rule 404(b) allegation that FBT Everett Realty LLC, a corporate entity that the defendants do not control (either individually or collectively), failed to adequately respond to a grand jury subpoena *duces tecum* that the Government issued to FBT in late 2013.  Now apprised of the specific nature of the Government's allegation, Defendants Dustin DeNunzio, Anthony Gattineri, and Charles Lightbody hereby move to preclude the allegation.  For the reasons stated below, the Government's allegation is irrelevant, would cause deep unfair prejudice if presented to the jury, and has no proper place at the trial.

## I.     The "Inadequate Subpoena Production" Allegation Is Irrelevant Because the Subpoena at Issue Was Directed to FBT, not the Defendants.

None of the three Defendants ever received a grand jury subpoena, and so by definition none of the defendants ever provided an inadequate response to any grand jury subpoena.  The

subpoena at issue was directed to FBT, the business entity, and was served on FBT's lawyer, Thomas Butters. *See* Exhibit A. The subpoena contained a single request, and the manner in which the request was phrased meant that any determination of what documents were responsive to the subpoena required a substantial degree of discretionary judgment. And there is no evidence here that the Government ever issued follow-up requests to FBT, nor that they ever discussed the scope of the subpoena with Mr. Butters.

The Government has no evidence that Mr. Butters ever showed or read the subpoena to any of the defendants. Moreover, it is undisputed that Mr. Butters, not any of the defendants, was the one who returned to the Government the documents that he had deemed responsive. To the extent the Government disagrees with the sufficiency of the production that Mr. Butters made on FBT's behalf, there are at least three reasons why the Government cannot fairly ascribe that failure to the defendants: (i) Defendants do not control, and have never controlled, FBT; and (ii) the majority of FBT's equity is and always has been held by Paul Lohnes, who is neither a defendant nor an unindicted co-conspirator. For these reasons, Mr. Butters was not acting as the legal agent of any of the defendants; he was acting as the legal agent for FBT, a distinct business entity.

II. **The "Inadequate Subpoena Production" Allegation Is Unfairly Prejudicial Because the Defendants Cannot Defend Against It Without Invading FBT's Attorney-Client Privilege and Mr. Butters's Core Attorney Work Product, Neither of Which Defendants Control.**

To defend against the subpoena compliance allegation, Defendants would be required to elicit from FBT's attorney, Mr. Butters, testimony regarding (i) how he communicated and described the subpoena to the representative(s) of FBT, (ii) the steps he took on behalf of FBT to preserve and collect documents in FBT's possession, (iii) how he reviewed documents on FBT's behalf, and (iv) why he did not produce certain documents in response to the subpoena, including

the reasons he determined that certain documents were not responsive to the subpoena.  All of this testimony would require an invasion of FBT's attorney-client privilege and Mr. Butters's attorney work product — including Mr. Butters's mental impressions, which is core work product — with respect to the underlying federal criminal investigation.  Defendants do not control FBT's attorney-client privilege or Mr. Butters's work product protections.  And even if they could force a waiver, Defendants would be placed in the position of having to impugn the professional judgment, and perhaps even professional credibility, of Mr. Butters.  This would be massively prejudicial insofar as the major premise of the Government's subpoena compliance allegation is the incorrect implicit assertion that Mr. Butters was acting as the defendants' agent.

## CONCLUSION

There is no precedent to support the Government's suggestion that the defendants may be held responsible for FBT's and Mr. Butters's alleged inadequate compliance with a subpoena that (i) was written in a manner that required a significant degree of professional judgment, and (ii) was neither directed to nor served on the defendants.  For these reasons, and the reasons stated above, Defendants' motion should be granted.

Respectfully submitted,

/s/ Joshua S. Levy
Joshua S. Levy (BBO #563017)
Aaron M. Katz (BBO #662457)
Alexandra L. Roth (BBO # 687847)
Ropes & Gray LLP
Prudential Center
800 Boylston St.
Boston, MA 02199
Phone: (617) 951-7000
Fax: (603) 951-7050
Joshua.Levy@ropesgray.com
Aaron.Katz@ropesgray.com
Alexandra.Roth@ropesgray.com
*Attorneys for Dustin DeNunzio*


/s/ Charles W. Rankin
Charles W. Rankin (BBO #411780)
Rankin & Sultan
151 Merrimac St. #200
Boston, MA 02114
crankin@rankin-sultan.com
*Attorney for Charles Lightbody*


/s/ Michael J. Connolly
Michael J. Connolly (BBO #638611)
Laura B. Angelini (BBO #658647)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
Phone: (617) 345-9000
Fax: (617) 345-9020
mconnolly@hinckleyallen.com
langelini@hinckleyallen.com
*Attorneys for Anthony Gattineri*

Dated: March 24, 2016

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, I hereby certify that counsel for Defendants have in good faith attempted to confer with counsel for the Government to resolve or narrow the issues presented by this motion, and that the disputed issues remain unresolved.

/s/ *Joshua S. Levy*

## CERTIFICATE OF SERVICE

I, Joshua S. Levy, hereby certify that, on March 24, 2016, true and accurate copies of the foregoing were served on counsel for the Government through ECF.

/s/ *Joshua S. Levy*