UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____

No. 14-CR-10284-NMG

_____

UNITED STATES

v.

CHARLES LIGHTBODY

_____

**MOTION TO CONTINUE TRIAL
OR TO SEVER DEFENDANT LIGHTBODY**

Defendant Charles Lightbody ["Lightbody"], through undersigned counsel, hereby moves the Court for an order continuing his trial currently set to begin on April 11, 2016 for a period of six months, or, in the alterative, for an order severing him from co-defendants Dustin DeNunzio ["DeNunzio"] and Anthony Gattineri ["Gattineri"] so that DeNunzio and Gattineri may proceed to trial in April as planned. In support of this motion, Lightbody states as follows:

1.    In October, 2014, DeNunzio, Gattineri, and Lightbody were indicted on charges of conspiracy to commit wire fraud and wire fraud.

2.    At the May, 2015 pretrial conference for DeNunzio and Gattineri, undersigned counsel informed the Court that Lightbody had been diagnosed with lymphoma and was about to start a six-month course of chemotherapy. Counsel requested a trial date of February, 2016. The Court set a date in November, 2015, acknowledging the requests by DeNunzio and Gattineri for a speedy trial, and expressing uncertainty about whether Lightbody would in fact be receiving six months of chemotherapy.

3.    In September, 2015, Lightbody moved to continue the trial date until March, 2016 because

he was then in the middle of that six-month course of chemotherapy. Counsel for DeNunzio and Gattineri assented to the motion. The Government did not object. (Docket Entry No. 206). The Court allowed the motion and re-scheduled trial for March 14, 2016. (Docket Entry No. 209).

4.      Upon the Government's motion to continue predicated on a medical crisis in a prosecutor's family, the Court re-scheduled trial for April 11, noting that the case was "already past due time for resolution...." (*See* Docket Entry Nos. 267, 270). A final pretrial conference is scheduled for March 31, 2016.

5.      An update on Lightbody's diagnosis, prognosis, treatment, and condition is set forth in the March 3, 2016 letter from his treating physician from the Massachusetts General Hospital Cancer Center.[1] According to the physician, Lightbody's six-month course of chemotherapy concluded in December, 2015. He remains on an investigational drug indefinitely. He will remain on preventive antibiotics until at least June, 2016 because of the risk of infection due to his weakened immune system. The physician reports that Lightbody developed skin cancer while in treatment that will need to be excised. (The skin cancer has in fact been excised.) The skin cancer was possibly the result of the lymphoma or immuno-suppression from treatment. The physician explains that it would be "advantageous to minimize the risk of infection by limiting public exposure, particularly with the winter season."

6.      The physician also reports that Lightbody tolerated chemotherapy "generally well except for profound cumulative fatigue and mental fogginess (so-called 'chemo-brain'), neither of

---

[1]      By separate motion, undersigned counsel is seeking leave to file the March 3, 2016 letter under seal because of the personal information therein regarding the defendant's diagnosis, prognosis, and course of treatments.

which are unusual post-treatment." As of March 3, these symptoms were "persistent," although "stable." The physician explains that the poorly-understood "chemo-brain" "can progress for up to two years following treatment, after which it begins to regress somewhat."

7.    Lightbody himself confirms that he experiences daily episodes of forgetfulness, mental fogginess, memory loss, and fatigue. He loses his train of thought and track of conversation easily. He has difficulty concentrating. He worries that he will miss important parts of his trial and will be unable to assist counsel. *See Affidavit of Charles Lightbody*, filed herewith, at ¶¶ 1-4.

8.    Lightbody's physician opines ultimately that he is not yet ready to withstand the rigors and stresses of trial. The physician recommends postponement and reevaluation of Lightbody's vulnerability to opportunistic infection and cumulative fatigue and mental fogginess in six months.

9.    Under constitutional and statutory strictures, a defendant may not be tried unless he is competent. *Godinez v. Moran*, 509 U.S. 389, 396 (1993). *See* 18 U.S.C. § 4241(a). "Competency" means that the defendant has "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and that he has 'a rational as well as factual understanding of the proceedings against him.'" *Id.*, *quoting Dusky v. United States*, 362 U.S. 402, 402 (1960)(per curiam). *See* 18 U.S.C. § 4241(a)(upon a party's motion or *sua sponte*, court must order competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense").

10.   Under First Circuit precedent, moreover, the Court has the discretion to determine that trial should be continued because of a substantial danger to the defendant's physical well-being. *See United States v. Zannino*, 895 F.2d 1, 13-14 (1st Cir. 1990), *quoting United States v. Brown*, 821 F.2d 986, 988 (4th Cir. 1987). *See also United States v. Saltzmann*, --- F.Supp.3d ----, 2016 WL 287052, *4 (D. D.C. 2016), *citing, inter alia, United States v. Passman,* 455 F.Supp. 794, 797 (D. D.C. 1978)("The defendant cannot fairly be subjected to legal proceedings that would involve a substantial risk to his health or life"). Indeed, it is well-recognized that the defendant's poor health may impede his fundamental rights to be present at trial, to testify, and to confront adverse witnesses. *See Brown*, 821 F.2d at 988.

11.   Generally, the First Circuit directs trial judges to "carefully investigate" claims that there exists a substantial danger to the defendant's physical well-being by considering, *inter alia*, the medical evidence and measures which can be feasibly implemented to reduce the foreseeable risks, and then weighing those risks against the public interest, taking into account the seriousness of the charges. *Zannino*, 895 F.2d at 14. If the risks outweigh the benefits, a continuance must be granted. *Id*.

12.   Lightbody submits that the balance of the medical risks, as summarized above, weigh in favor of a continuance of the trial for a period of six months, at which point he will hopefully be able to better withstand rigors and stresses of trial and to effectively prepare for and participate in his defense. Lightbody does not have sufficient present ability to consult with and assist counsel given his "chemo-brain."

13.   Lightbody recognizes that the Court and other parties will be inconvenienced by further delay. Yet, if trial were continued for six months, in all likelihood, it would still be

4

completed this year. Lightbody also recognizes that, in general, fraud charges are serious ones, and that the public may have an interest in seeing these charges resolved. However, the nature of the allegations here are not remotely comparable to those in cases in which a public interest has been deemed paramount to a defendant's health issues. *See Saltzmann*, 2016 WL 287052 at *6 (noting comparably minor charges of unlawful distribution of prescription drugs), *contrasting*, *e.g.*, *United States v. Al Fawwaz*, 67 F.Supp.3d 581, 584, 587-588 (S.D.N.Y. 2014)(denying motion to sever where ill defendant alleged to be part of conspiracy to kill Americans abroad which resulted in bombings of United States embassies in Kenya and Tanzania and 224 fatalities).

14. Undersigned counsel understands that DeNunzio and Gattineri adamantly oppose any delay, and if the Court determines that a continuance is necessary, ask that the Court sever Lightbody and commence their trial on April 11. Severance of co-defendants may be an appropriate alternative remedy in these circumstances. *See Zannino*, 895 F.2d at 15 (in holding that trial judge did not abuse his discretion in declining to indefinitely postpone ailing defendant's racketeering trial, noting that judge took substantial steps to reduce medical risks incident to trial, including ordering that defendant be tried separately from co-defendants and severing some charges so that trial was shorter and potentially less stressful). *See also Saltzman*, 2016 WL 287052 at *6 (granting ill defendant's motion to sever and continuing trial until after co-defendant's).

15. Undersigned counsel understands that the Government opposes this motion. The government has spoken with Mr. Lightbody's treating oncologist. If the government wishes to have an examination of Mr. Lightbody, the defendant has no objection.

16.   Lightbody would, of course, agree to the exclusion of time between April 11 and the start of

his trial under the Speedy Trial Act as being in the interests of justice, 18 U.S.C. §

3161(h)(7), and because he is "physically unable to stand trial." 18 U.S.C. § 3616(h)(4).

WHEREFOR, the defendant respectfully moves for a continuance of trial for a period of six months

or, in the alternative, for a severance from his co-defendants in light of the substantial danger to his

health and current mental condition.

Respectfully submitted,
**The defendant Charles Lightbody**
By his counsel,


/s/Charles W. Rankin
Charles W. Rankin, BBO #411780
crankin@rankin-sultan.com
Rankin & Sultan
151 Merrimac Street, Second Floor
Boston, MA 02114
(617) 720-0011


## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the Electronic Filing System (CM/ECF) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on March 25, 2016.


/s/Charles W. Rankin
Charles W. Rankin

6