UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 14-cr-10284-NMG |
| | ) | |
| (1) DUSTIN J. DENUNZIO, | ) | |
| (2) ANTHONY GATTINERI, and | ) | |
| (3) CHARLES A. LIGHTBODY | ) | |
| | ) | |
| Defendants | ) | |

**GOVERNMENT'S TRIAL MEMORANDUM ON CHARACTER EVIDENCE**

In light of the defendants DeNunzio's and Gattineri's statements in some of their pre-trial submissions about introducing character evidence, the government submits this memorandum to assist the Court in ruling on any potential objections.

If one of the defendants does seek to offer such testimony, Fed. R. Evid. 404 and 405 operate to: (a) restrict the scope of the witnesses' testimony on direct examination to reputation and opinion testimony regarding "pertinent" character traits; (b) allow the government to cross-examine the witnesses regarding their knowledge of relevant specific instances of defendants' past conduct; and (c) permit the government to call its own rebuttal witnesses.

1. **Defendants' Character Evidence Is Limited to Reputation and Opinion Testimony Regarding Pertinent Traits And May Not Include Any References to Specific Acts**

Rule 404(a) generally controls the admissibility of character evidence. In the first instance, "evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith." Rule 404(a). However, once it is determined that character evidence is admissible, the form and method of its proof are governed by Rule 405. Fed. R. Evid. 405, Advisory Committee Notes, 1972 Proposed Rules (Rule 404

1

deals with admissibility, whereas Rule 405 deals with allowable methods of proof).

Rule 404(a) allows an accused to introduce "[e]vidence of a pertinent trait of his character." The word "pertinent" is read as synonymous with "relevant." United States v. Angelini, 678 F.2d 380, 381 (1st Cir. 1982); United States v. Staggs, 553 F.2d 1073, 1075 (7th Cir. 1977). The basic issue, therefore, is whether the character trait in question would make any fact of "consequence to the determination" of the case more or less probable than it would have been without evidence of that character trait. Fed. R. Evid. 401; Angelini, 678 F.2d at 381. Testimony regarding character traits that are not relevant to the offenses charged should not be allowed.

Under Rule 405, defendant's character witnesses must be restricted to testifying about their opinion of the relevant character traits or their knowledge of defendant's reputation in that regard. They may not testify about specific instances of conduct. Fed. R. Evid. 405; Michelson v. United States, 355 U.S. 469, 477 (1948); State of Arizona v. Elmer, 21 F.3d 331, 335 (9th Cir. 1994). Under the foregoing principles, the defendant may not introduce evidence of his generally good character ─ e.g., that he is a "good" person. Nor can he put on evidence of specific acts of good conduct, such as instances charitable or *pro bono* work. See e.g., United States v. Nazzaro, 889 F.2d 1158, 1168 1st Cir. 1989)(for law enforcement defendant evidence of bravery, attention to duty and community spirit "hardly 'pertinent'" to mail fraud and perjury charges).

Thus, Fed. R. Evid. 404 and 405 require that defendant's' character evidence be exclusively limited to reputation or opinion testimony about pertinent traits such as truthfulness.

## 2. The Government May Cross-Examine Defendant's Character Witnesses About Specific Instances of Conduct and Introduce Its Own Rebuttal Witnesses

Pursuant to Rule 405(a), the Government intends to cross-examine defendant's character witnesses to determine whether they have heard or know about specific instances of conduct indicating contrary tendencies. Additionally, under Rule 404(a)(1), the government may put on its own witnesses to rebut defendant's character evidence.

Michelson v. United States, 335 U.S. 469 (1948), the preeminent authority on issues regarding character testimony, includes the following discussion about the scope of cross-examination of character witnesses:

> The price a defendant must pay for attempting to prove his good name is to throw open the entire subject which the law kept closed for his benefit and to make himself vulnerable where the law otherwise shields him. The prosecution may pursue the inquiry with contradictory witnesses to show that damaging rumors, whether or not well-grounded, were afloat ─ for it is not the man that he is, but the name that he had which is put in issue. Another hazard is that his own witness is subject to cross-examination as to the contents and extent of the hearsay on which he bases his conclusions, and he may be required to disclose rumors and reports that are current even if they do not affect his own conclusion. It may test the sufficiency of his knowledge by asking what stories were circulating concerning events, such as one's arrest, about which people normally comment and speculate. Thus, while the law gives defendant the option to show as a fact that his reputation reflects a life and habit incompatible with commission of the offense charged, it subjects his proof to tests of credibility designed to prevent him from profiting by a mere parade of partisans.

Id. at 479.

Fed. R. Evid. 405(a) codified the rationale of Michelson, making clear that character witnesses may be cross-examined about specific instances of misconduct that are relevant to the character traits in question. The cross-examination of a character witness may even include inquiries which are not otherwise allowed. For example, it is generally impermissible to introduce extrinsic evidence or cross-examine a defendant about whether he has been arrested for or committed past misdeeds unrelated to the charged offense. Nonetheless, if a character witness

3

testifies for a defendant, the cross-examination may include inquiry about the defendant's past crimes, wrongful acts, and arrests. Michelson, 335 U.S. at 482; United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994)( defendant "opened the door" under Rule 405(a) to cross-examination about defaulted loans when he called character witnesses); United States v. Collins, 779 F.2d 1520, 1532 (11th Cir. 1986); United States v. Glass, 709 F.2d 669, 673 (11th Cir. 1983); United States v. Bynum, 566 F.2d 914, 919 (5th Cir. 1980). Moreover, the prosecution may inquire of the character witness regarding specific instance of misconduct which are at issue in the trial, provided there is a basis in the evidence. This type of examination is permitted because it tests the credibility of the witness in terms of his knowledge of the defendant and his standards for a good reputation or favorable opinion. 2 J. Weinstein and M. Berger, Weinstein's Evidence ¶ 405-47 (1986). See also United States v. Bermudez, 526 F.2d 89, 05 (2nd Cir. 1975).

                    Respectfully submitted

                    CARMEN M. ORTIZ
                    United States Attorney

Date: April 6, 2016      By: */s/S. Theodore Merritt*
                    KRISTINA E. BARCLAY
                    S. THEODORE MERRITT
                    Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

    I, S. Theodore Merritt, Assistant United States Attorney, do hereby certify that this document, was filed on the above date through the ECF system which sends copies electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

                    /s/ S. Theodore Merritt
                    S. THEODORE MERRITT
                    Assistant U.S. Attorney