UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | ) | Criminal No.: 14-cr-10284-NMG |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | |
| (1) DUSTIN J. DENUNZIO, | ) | |
| (2) ANTHONY GATTINERI, and | ) | |
| (3) CHARLES A. LIGHTBODY | ) | |
| | ) | |
| Defendants | ) | |

**GOVERNMENT'S REQUEST FOR CLARIFICATION REGARDING PRETRIAL RULINGS AS TO ADMISSIBILITY OF JAIL CALLS AND TIII CALLS**

The government respectfully requests clarification regarding the Court's pretrial rulings as to the admissibility of certain recorded calls of defendant Charles Lightbody.

I. **Jail Calls Between Darin Bufalino and Charles Lightbody**

The government has included the following jail calls between Darin Bufalino and Lightbody on its Exhibit List[1]:

| Proposed Exhibit No. | Date | Call | Defendants' Proposed Exhibit No. |
| --- | --- | --- | --- |
| 2 | 8/16/2012 | Jail Call Between Darin Bufalino and Charles Lightbody | |
| 3 | 8/22/2012 | Jail Call Between Darin Bufalino and Charles Lightbody | |
| 4 | 9/4/2012 | Jail Call Between Darin Bufalino and Charles Lightbody | |
| 5 | 11/13/2012 | Jail Call Between Darin Bufalino and Charles Lightbody | |
| 6 | 11/26/2012 | Jail Call Between Darin Bufalino and Charles Lightbody | |
| 7 | 12/5/2012 | Jail Call Between Darin Bufalino and Charles Lightbody | |

---

[1] On this date, the government has submitted a binder including transcripts of all jail and TIII calls on its exhibit list to the Court.

| | | | |
|---|---|---|---|
| 8 | 12/11/2012 | Jail Call Between Darin Bufalino and Charles Lightbody | |
| 9 | 12/20/2012 | Jail Call Between Darin Bufalino and Charles Lightbody | |
| 10 | 1/10/2013 | Jail Call Between Darin Bufalino and Charles Lightbody | |
| 11 | 2/21/2013 | Jail Call Between Darin Bufalino and Charles Lightbody | |
| 12 | 2/28/2013 | Jail Call Between Darin Bufalino and Charles Lightbody | |
| 163 | 1/16/2013 | Jail Call Between Darin Bufalino and Charles Lightbody | |
| 164 | 6/27/2013 | Jail Call Between Darin Bufalino and Charles Lightbody | 1142 |

In the first instance, there is no question that all of these calls are at least admissible against Lightbody under Fed. R. Evid. 801(d)(2)(A). In denying the motion to sever, the Court noted that none of the calls then identified raised a *Bruton* problem and Defendants have never identified any specific statement in those calls that powerfully and facially incriminates DeNunzio and Gattineri. *See* Docket No. 123, 13-14. In addition, the June 27, 2013 call between Lightbody and Bufalino (Proposed Exhibit No. 164) is also on Defendants' Exhibit List, so it is clear they have no objection to the admission of that call against all Defendants. *See* Docket No. 344-1, Proposed Ex. No. 1142.

With regard to the other 12 calls (Exhibits 2-12 and 163), in denying the motion to sever the government believed that the Court ruled that it would provisionally admit Lightbody's recorded conversations with Bufalino against all Defendants under Fed. R. Evid. 801(d)(2)(E), pursuant to *United States v. Petrozziello*, 548 F.2d 20 (1st Cir. 1977). *See, e.g.,* Docket No. 123, 12 (using as examples Proposed Exhibit Nos. 8, 11, 12).[2] In addition, the government has argued (but the Court has not yet ruled) that Lightbody's statements to Bufalino are admissible against

---

[2] For this reason, when Defendants filed their motion for a pre-trial *Petrozziello* hearing, the government's response was primarily focused on the Title III calls. *See* Docket No. 326.

all Defendants pursuant to Fed. R. Evid. 804(b)(3) because they are statements against Lightbody's penal and pecuniary interest. *See* Docket No. 362, 4-8 (specifically referencing Proposed Exhibit Nos. 2, 3, 7, 8 and 9).

At the Final Pretrial Conference, the Court reiterated its ruling that the jail calls were provisionally admitted, but the government understood the Court to state that it knew of only three jail calls. The government submits this memorandum to identify all of the jail calls it intends to introduce into evidence, provide transcripts of those calls to the Court, and request that the Court clarify that it is provisionally admitting all of these jail calls provisionally under Rule 803(d)(2)(E) pursuant to *Petrozziello*.

With respect to Defendants' argument that some of the proffered calls predate the charged conspiracy, there is no such constraint on admission under Fed. R. Evid. 803(d)(2)(E). In fact, "[s]ubject to relevancy and similar considerations, out-of-court statements of a declarant coconspirator, if made during and in furtherance of a conspiracy, are admissible for the truth of the matter asserted, regardless of whether the conspiracy furthered is charged or uncharged and regardless of whether it is identical to or different from the crime that the statements are offered to prove." *United States v. Lara*, 181 F.3d 183, 196 (1st Cir. 1999). The evidence will show that by the time of the calls in August 2012, Defendants were aware that Lightbody's name could not show up in any potential casino deal.

## II. TIII Calls of Charles Lightbody

The government has included the following calls intercepted pursuant to Title III on its Exhibit List:

| Proposed Exhibit No. | Date | Participant | Participant | Notes |
|---|---|---|---|---|
| 124 | 6/27/2013 | Lightbody | Russo | Provisionally admitted under FRE 803(d)(2)(E) on 4/6/13[3] |
| 125 | 6/27/2013 | Lightbody | DeNunzio | Provisionally admitted under FRE 803(d)(2)(E) on 4/6/13 |
| 126 | 6/28/2013 | Lightbody | Russo | |
| 127 | 6/30/2013 | Lightbody | DeNunzio | Provisionally admitted under FRE 803(d)(2)(E) on 4/6/13 |
| 128 | 7/1/2013 | Lightbody | Michael Galli | |
| 129 | 7/2/2013 | Lightbody | Russo | Provisionally admitted under FRE 803(d)(2)(E) on 4/6/13 |
| 130 | 7/2/2013 | Lightbody | Michael Diplatzi | Defendants' Proposed Ex. No. 1144; Provisionally admitted under FRE 803(d)(2)(E) on 4/6/13 |
| 131 | 7/2/2013 | Lightbody | DeCicco | Defendants' Proposed Ex. No. 1145[4]; Provisionally admitted under FRE 803(d)(2)(E) on 4/6/13 |
| 132 | 7/9/2013 | Lightbody | Joey Kehoe | |
| 133 | 7/10/2013 | Lightbody | DeNunzio | Defendants' Proposed Ex. No. 1149 |
| 134 | 7/10/2013 | Lightbody | DeCicco | Provisionally admitted as non-hearsay on 4/6/13 |
| 135 | 7/15/2013 | Lightbody | Michael Flood | Provisionally admitted under FRE 803(d)(2)(C) and (D) on 4/6/13 |

The only TIII calls on the government's exhibit list as to which the Court has not made a provisional ruling are the June 28, 2013 call between Lightbody and Russo (Proposed Exhibit

---

[3] While the Court at the Final Pretrial Conference on April 6, 2016 did not specify which two of the three calls between Russo and Lightbody it determined were provisionally admitted, the government referenced the June 27, 2013 and July 2, 2013 calls (Proposed Exhibit Nos. 124 and 129) in its Opposition to Defendants' Motion (Docket No. 326), and therefore presumes the Court's ruling applied to those calls.

[4] Defendants' repeated and vehement objections to this call (wherein DeCicco states that Gattineri will be "the first one to rat" if the "shit hits the fan" over the Everett Parcel) is curious, given that the call is on their own proposed list of exhibits. *See* Docket No. 344-1, Proposed Ex. 1145. Regardless, the Court has provisionally admitted the call against all Defendants.

No. 126), the July 1, 2013 call between Lightbody and Michael Galli (Proposed Exhibit No. 128), and the July 9, 2013 call between Lightbody and Joey Kehoe (Proposed Exhibit No. 132). All of these calls are admissible against Lightbody under Rule 801(d)(2)(A). Further, as set forth in the government's Supplemental Memorandum in Support of the Admission of Lightbody Statements (Docket No. 362), the calls with Galli (Proposed Exhibit No. 128) and Kehoe (Proposed Exhibit No. 132) are admissible under Fed. R. Evid. 804(b)(3) as statements against Lightbody's interest.

Specifically, in the July 1, 2013 between Lightbody and Galli, (Proposed Exhibit No. 128), Lightbody confirms against his penal and ultimate pecuniary interests that he is still getting monthly payments on the option agreement with Wynn:

MG: And congratulations by the way I've been rooting for you ever since our conversation, so I saw you got a positive vote so I'd just like to congratulate.

CL: Oh yeah!

MG: **Hey, I like the fact that the monthly check keeps coming regardless of what's happening.**

[Laughter]

CL: **That's what I said,. I told my partner, I go listen, let's look at at this way, if we get to February, March, it's another eight-hundred thousand so**…

MG: Yeah who gives a shit.

CL: Yup.

In an intercepted call on July 9, 2013 (Proposed Exhibit No. 132), around the same time Lightbody and his co-defendants are to be interviewed by IEB officials and planning to conceal the true ownership of the land, Lightbody tells another friend, Joseph Kehoe, that he is still getting monthly payments:

JK: Well you know what I was actually I said oh you must have sealed the deal.  Now he doesn't know me anymore.  You don't want to know me.

CL: Seal the deal?  What getting a laid?

JK: No the fucking the casino. The casino.

CL: No that's not until February or March brother next year.

JK: I gotta suffer until then?

CL: Yeah.

JK: What the fuck.

CL: **But hey I'm not suffering I'm picking up a hundred a month I'm happy**.

This statement also is against Lightbody's penal and pecuniary interests because it shows that, contrary to what he and his co-defendants are telling IEB investigators, Lightbody is still in on the deal.

Defendants objected to the admissibility of these statements, claiming that they did not satisfy the standards of Rule 804(b)(3).  Under the Rule 804(b)(3) hearsay exception, a declarant's statement must be sufficiently contrary to the declarant's penal interest and accompanied by corroborating circumstances.  The First Circuit has stated that the first part of the Rule 804(b)(3) inquiry "is always whether the statement was sufficiently against the declarant's penal interest that a reasonable person would not have made the statement unless believing it to be true."  *United States v. Barrone*, 114 F.3d 1284, 1295 (1st Cir. 1997).  This question "can only be answered in light of all the surrounding circumstances."  *Id.*  Once the "prong 1" requirement is met, the court requires "corroborating circumstances [that] clearly indicate the trustworthiness of the statement."  *United States v. Pelletier*, 666 F.3d 1, 8 (1st Cir. 2011).

### 1. "Prong 1" – Lightbody's out-of-court statements are sufficiently inculpatory.

The first prong of the Rule 804(b)(3) analysis requires only that the statement be one that "tend[s] to subject the declarant to criminal liability to such an extent that a reasonable person would not make the statement unless it were true." *United States v. Jimenez*, 419 F.3d 34, 43 (1st Cir. 2005). Statements need not be incriminating on their face to be admissible under Rule 804(b)(3); even statements that appear neutral can be against the declarant's penal interests when "viewing it in context." *Williamson v. United States*, 512 U.S. 594, 603–04 (1994). In addition to statements that expose declarants to criminal liability, statements demonstrating the declarant's insider perspective on a criminal scheme meet the standard. *See, e.g.,Barrone*, 114 F.3d at 1297 (statements admissible because they "inculpated [declarant] in criminal acts and conspiracies with others to commit criminal acts.");*United States v. Monserrate-Valentin*, 729 F.3d 31, 52 (1st Cir. 2013) (out-of-court statement admissible because it demonstrated "an insider's knowledge as to the activities of the conspiracy" and gave "the *impression*" that the declarant was directly involved in the conspiracy) (emphasis added).

The cases relied upon by Defendants in support of their misguided attempt to demonstrate the stringency of the Rule 804(b)(3) "prong 1" requirement (Docket No. 371, 3-4) bear no resemblance to the instant case against Defendants because they involved statements that were not inculpatory, or declarants who were demonstrably unaware that the statements could be self-inculpatory. *See, e.g., House of Clean, Inc. v. St. Paul Fire & Marine Ins. Co.*, 775 F.Supp.2d 302, 315 (D. Mass. 2011) (proffered statements inadmissible because, rather than being inculpatory, statements were in fact *in declarant's pecuniary interests*); *United States v. Butler*, 71 F.3d 243, 253 (7th Cir. 1995) (proffered statements inadmissible only because declarant "*did not admit to anything remotely criminal.*") (emphasis added); *United States v.*

7

*Lozado*, 776 F.3d 1119, 1131 (10th Cir. 2015) (declarant's statements inadmissible because reasonable person would not be unaware of obscure criminal statute which rendered statements inculpatory, and ample evidence that declarant himself had no idea that statements could subject him to criminal liability). Far from being in Defendants' pecuniary interests or devoid of reference to criminal activity, Lightbody's statements directly implicate him and others in a criminal scheme to hide his ownership interest from any potential casino developer and the Massachusetts Gaming Commission. Moreover, there is ample evidence that Lightbody was fully aware of the criminal nature of his actions and the statements regarding the Everett conspiracy, evidence that is bolstered by the fact that the statements include details regarding his plan to cover them up.

    2. *"Prong 2"* – Lightbody's out-of-court statements are corroborated by <u>circumstances demonstrating their trustworthiness.</u>

The First Circuit requires that statements admissible under Rule 804(b)(3) be accompanied by "evidence that clearly indicates that the statements were worthy of belief, based upon the circumstances in which the statements were made." *Monserrate-Valentin*, 729 F.3d at 52. While "meaningful corroboration of proffered testimony" is required, *United States v. Bradshaw*, 281 F.3d 278, 286 (1st Cir.2002), the corroboration requirement is not "unrealistically severe." *United States v. Mackey*, 117 F.3d 24, 29 (1st Cir. 1997). "It is not necessary that the corroboration consist of independent evidence supporting the truth of the matter asserted by the hearsay statements, but evidence that clearly indicates they were worthy of belief, based on the circumstances in which the statements were made." *Pelletier*, 666 F.3d at 8 (internal quotations omitted). In this case, the government can demonstrate both that the statements were made under circumstances that support their veracity and provide tangible evidence supporting the general trustworthiness of the statements.

The fact that statements are made to friends or associates that the declarant trusts is highly probative of veracity, and may in some cases be dispositive, constituting sufficient corroboration to satisfy the second prong of the Rule 804(b)(3) analysis.  *See, e.g., Monserrate-Valetin*, 729 F.3d at 55 (statements made in "an unofficial, noncoercive atmosphere" to acquaintance of declarant and who declarant "considered as an ally" admissible because circumstances were sufficiently corroborative to demonstrate statements' reliability)*; Pelletier*, 666 F.3d at 8 ("The fact that [the declarant] made the statements to a fellow inmate . . . rather than in an attempt to curry favor with the police, cuts in favor of admissibility.").  Galli and Keough were associates and friends of Lightbody whom he considered trustworthy confidants, and Lightbody had no reason to believe that these statements would be transmitted to law enforcement.  Though the defense makes vague reference to Lightbody's motives to lie to these individuals such speculation goes to the weight of such evidence, not the admissibility under the Rule.

## CONCLUSION

For the foregoing reasons, the government requests that the Court provisionally admit all of the calls identified herein, except for the June 28, 2013 call between Russo and Lightbody (Proposed Exhibit No. 132) against all Defendants.

Respectfully submitted

CARMEN M. ORTIZ
United States Attorney

Date:  April 7, 2016            By:         */s/S. Theodore Merritt*
                                            KRISTINA E. BARCLAY
                                            S. THEODORE MERRITT
                                            Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date: April 7, 2016                   */s/ S. Theodore Merritt*
                                               Assistant United States Attorney