UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>(1) DUSTIN J. DENUNZIO,<br>(2) ANTHONY GATTINERI, and<br>(3) CHARLES A. LIGHTBODY,<br><br>Defendants. | Criminal No:  14-CR-10284-NMG |

### DEFENDNANTS' SUPPLEMENTAL SUBMISSION REGARDING THE JULY 2, 2013 RECORDED PHONE CALL BETWEEN MR. LIGHTBODY AND MR. DECICCO

Defendants' exhibit list includes the July 2, 2013 phone call between Mr. Lightbody and Mr. DeCicco.  In Defendants' exhibit list submission, they specifically stated that the inclusion of a document or tape on their exhibit list was not an indication that Defendants considered the entire document or tape admissible under the Rules of Evidence.  The July 2, 2013 call between Mr. Lightbody and Mr. DeCicco is a paradigmatic example of the type of recorded phone call that is not properly admissible in full.

The portion of the call that the Government wishes to play — Mr. Lightbody saying "Oh yeah," in response to Mr. DeCicco's comment that Mr. Gattineri "will be the first one to rat anything or anybody" "if the fucking shit hits the fan over on that property" — is not relevant and also should be excluded under Rule 403.  The Government's relevance argument appears to boil down to the suggestion that Mr. DeCicco was alluding to the existence of the charged scheme to defraud Wynn Resorts.  Thus, evidence of Mr. DeCicco's knowledge or awareness of the charged conspiracy — that is, knowledge or awareness that Mr. Lightbody was still an owner

of FBT (as the Government contends) and that such ownership was being illegally concealed — is something that the Government must independently prove under Federal Rule of Evidence 104.

Mr. DeCicco is not on the Government's witness list, and the Government does not appear to have any evidence that would satisfy its conditional relevance burden. During a voluntary FBI interview in August 2013, Mr. DeCicco specifically stated that his understanding was that Mr. Lightbody had long since been bought out of FBT, which by definition is contrary to the Government's conditional relevance premise that Mr. DeCicco was aware of the existence of the charged conspiracy. Mr. DeCicco also stated that his reference to Mr. Gattineri being a "rat" did not relate to any scheme to conceal some sort of hidden ownership Mr. Lightbody maintained in the Everett Parcel. Furthermore, the July 2, 2013 phone call occurred (1) at least six days before the IEB first contacted anyone from FBT,[1] and (2) during the pendency of a heated discovery dispute in long-running civil litigation involving the Everett Parcel between FBT and a local developer named William Thibeault, litigation that was known to both Mr. Lightbody and Mr. DeCicco. Thus, the Government's argument that Mr. DeCicco's reference to "shit hitting the fan on that property" can only be a reference to the charged conspiracy is demonstrably incorrect and arguably disingenuous.

The Government is planning on using Mr. DeCicco's "rat" statement as the bookend to its opening statement. The defense respectfully submits that this is improper, insofar as the Government will not be able to satisfy its conditional relevance burden with respect to the statement.

---

[1] At the April 6, 2016 motions hearing, Government counsel referred to a phone call between Mr. DeNunzio and Mr. Lightbody regarding Mr. DeCicco. That phone call occurred on July 10, 2013, and substance does not assist the Government in providing that Mr. DeCicco was somehow aware of the charged conspiracy on July 2, 2013.

Respectfully submitted,

/s/ Joshua S. Levy
Joshua S. Levy (BBO #563017)
Aaron M. Katz (BBO #662457)
Alexandra L. Roth (BBO # 687847)
Ropes & Gray LLP
Prudential Center
800 Boylston St.
Boston, MA 02199
Phone: (617) 951-7000
Fax: (603) 951-7050
Joshua.Levy@ropesgray.com
Aaron.Katz@ropesgray.com
Alexandra.Roth@ropesgray.com
*Attorneys for Dustin DeNunzio*

/s/ Charles W. Rankin
Charles W. Rankin (BBO #411780)
Rankin & Sultan
151 Merrimac St. #200
Boston, MA 02114
crankin@rankin-sultan.com
*Attorney for Charles Lightbody*

/s/ Michael J. Connolly
Michael J. Connolly (BBO #638611)
Laura B. Angelini (BBO #658647)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
Phone: (617) 345-9000
Fax: (617) 345-9020
mconnolly@hinckleyallen.com
langelini@hinckleyallen.com
*Attorneys for Anthony Gattineri*

Dated: April 7, 2016

**CERTIFICATE OF SERVICE**

I, Joshua S. Levy, hereby certify that, on April 7, 2016, true and accurate copies of the foregoing were served on counsel for the Government through ECF.

/s/ *Joshua S. Levy*