UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____

No. 14-CR-10284-NMG

_____

UNITED STATES

v.

DUSTIN DeNUNZIO
ANTHONY GATTINERI
CHARLES LIGHTBODY
Defendants

_____

**DEFENDANTS' JOINT OBJECTION TO
GOVERNMENT'S USE OF CHARTS**

**INTRODUCTION**

Defendants Dustin DeNunzio, Anthony Gattineri, and Charles Lightbody hereby jointly

object to the Government's anticipated use of "phone charts" during trial which characterize

purported telephone calls, texts, and emails allegedly sent to or received by defendants and others

on August 21-22, 2012, September 7, 2012, October 2-3, 2012, November 14, 2012, November 27,

2012, November 28, 2012, December 19, 2012, and June 19, 2013. These charts are attached hereto

as *Exhibit A*. As set forth below, they are clearly inadmissible under F.R.E. 1006. Neither should the

Court permit their use under F.R.E. 611(a) as pedagogical devices.

A.      **The Charts.**

All of the charts, save for the chart for June 19, 2013, include a title identifying what the

government purports to have happened on that particular date. Thus, the chart for August 21-22 is

entitled "Och-Ziff Letter of Intent;" the chart for September 7 is entitled: "Och-Ziff Tours Property;"

for October 2-3: "Och-Ziff Not Prepared to Sign;" for November 14: "Wynn Tours Property;" for November 27: "Letter of Intent Signed;" for November 28: "Steve Wynn Tours Property," and, finally, for December 19: "Wynn Signs Option."

For the most part, all of the charts then include a chronological list of calls, texts, and emails that the government purports were sent or received on the particular date. When the entry on the chart is a call, the government lists not only the date, time, and length of the call, but also whether a voicemail was left and, significantly, the names of the person who allegedly made the call and who allegedly received it. The defendants are color-coded. Mr. DeNunzio is highlighted in orange; Mr. Gattineri in green; and, Mr. Lightbody in purple.

When the entry on the chart is a text, the government provides the date, time, and the name of the person who allegedly sent and of the person who allegedly received it. The "Event" is not described, except as a "Text." In contrast, when the "Event" is an email, the government characterizes the contents of or attachments to the email, and highlights the row in yellow. Thus, on the chart for August 21-22, the government describes the "Event," highlighted in yellow, as: "Email attaching Letter of Intent executed by Och Ziff [Ex. 20]." The government describes another "Event," highlighted in yellow, as: "Email attaching fully executed Letter of Intent [Ex. 20]." The third "Event" highlighted in yellow on this particular chart is described as "Prison Call [Ex. 3]" between "Bufalino" and "Lightbody."

On the chart for October 2-3, two email entries, highlighted in yellow, include some, but not all, of the purported contents of the emails: "Email - 'OZ is not prepared to sign the agreement...' [Ex. 22]" and "Email - 'I will call you in a few minutes.' [Ex. 22]." The charts for November 14, November 27, and December 19, 2012 and June 19, 2013 include similar email entries, highlighted

in yellow, with some, but not all, of the purported contents of the emails. The June 19, 2013 chart

also includes an entry, highlighted in yellow, for the "Planned time of meeting at Feldman's office

[Ex. 167]."

**B.      The Charts Are Patently Not Admissible Under F.R.E. 1006.**

Federal Rule of Evidence 1006 provides that the "contents of voluminous writings,

recordings, or photographs which cannot conveniently be examined in court may be presented in the

form of a chart, summary, or calculation." Summaries admitted under Rule 1006 are explicitly

intended to reflect the contents of the "voluminous" writings, recordings, of photographs not

conveniently examined in court, and are typically substitutes in evidence for the originals (which

must be otherwise admissible). As a consequence, Rule 1006 summaries must fairly present the

originals and be accurate and non-prejudicial. *United States v. Milkiewicz*, 470 F.3d 390, 397-398

(1st Cir. 2006), *citing*, *inter alia*, *United States v. Bray*, 139 F.3d 1104, 1111 (6th Cir. 1998). This

final requirement

> means first that the information on the document summarizes the information
> contained in the underlying documents accurately, correctly, and in a nonmisleading
> manner. Nothing should be lost in the translation. It also means, with respect to
> summaries admitted in lieu of the underlying documents, that the information on the
> summary is not embellished by or annotated with the conclusions of or inferences
> drawn by the proponent, whether in the form of labels, captions, highlighting
> techniques, or otherwise. Once a Rule 1006 summary is admitted, it may go to the
> jury room, like any other exhibit. Thus, a summary containing elements of
> argumentation could very well be the functional equivalent of a mini-summation by
> the chart's proponent every time the jurors look at it during their deliberations,
> particularly when the jurors cannot also review the underlying documents.

*Bray*, 139 F.3d at 1110. *Accord United States v. Drougas*, 748 F.2d 8, 25 (1st Cir. 1984)("Care must

be taken to insure that summaries accurately reflect the contents of the underlying documents and

do not function as pedagogical devices that unfairly emphasize part of the proponents proof or create

the impression that disputed facts have been conclusively established or that inferences have been directly proved").

Clearly, these charts are not admissible as Rule 1006 summaries. There is no indication that the underlying records of calls, texts, and emails are so voluminous that they cannot conveniently be examined in court. What's more, the underlying records are not a single set of documents (such as pen or toll records), but multiple sets from multiple sources cobbled together by the government.

Much more importantly, the charts are not fair, accurate, and non-prejudicial summaries. From the titles down, the charts are colorful illustrations of the government's theory of the case, intended to highlight for the jury the inculpatory evidence to the exclusion of exculpatory evidence. They set forth the government's inferences and conclusions regarding who actually made and received the calls, texts, and emails, as well as their meaning in context. It is for the jury to decide who made and received these calls and what they meant. The government should not be allowed to introduce such colorful road maps to conviction.

### CONCLUSION

For the foregoing reasons, the Government should be precluded from introducing these charts into evidence or using them as pedagogical devices.


Respectfully submitted,

/s/ Joshua S. Levy
Joshua S. Levy, BBO 563017
Ropes & Gray LLP
Prudential Center
800 Boylston St.
Boston, MA 02199
(617) 951-7000
**Counsel for Dustin DeNunzio**

/s/ Michael J. Connolly
Michael J. Connolly, BBO 638611
Hinckley, Allen & Snyder LLP
28 State St.
Boston, MA )2109
(617) 345-9000
**Counsel for Anthony Gattineri**


/s/Charles W. Rankin
Charles W. Rankin, BBO #411780
Rankin & Sultan
151 Merrimac Street, Second Floor
Boston, MA 02114
(617) 720-0011
**Counsel for Charles Lightbody**


## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the Electronic Filing System (CM/ECF) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on April 15, 2016.

/s/Charles W. Rankin
Charles W. Rankin