UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No.: 14-cr-10284-NMG |
| | ) | |
| v. | ) | |
| | ) | |
| (1) DUSTIN J. DENUNZIO, | ) | |
| (2) ANTHONY GATTINERI, and | ) | |
| (3) CHARLES A. LIGHTBODY | ) | |
| | ) | |
| Defendants | ) | |

**OPPOSTION TO DEFENDANTS' MOTION FOR A
MISTRIAL WITH PREJUDICE OR, IN THE ALTERNATIVE,
TO STRIKE CERTAIN TESTIMONY GIVEN BY LIEUTENANT CONDON**

The United States, by and through undersigned counsel, respectfully opposes Defendants' Motion for a Mistrial with Prejudice or, in the Alternative, to Strike Certain Testimony Given by Lieutenant Condon (Docket No. 476) (the Motion). The questions posed to Massachusetts State Police Lieutenant Kevin Condon on redirect examination regarding Anthony Gattineri's failure to cooperate in the IEB investigation after July 10, 2013 were simply an invited reply to the questions posed on cross-examination regarding Gattineri's claimed willingness to meet with IEB investigators on July 10, 2013. The prosecution did not comment on Gattineri's silence, and in fact exercised great care to ensure there was no testimony regarding Gattineri's assertion of his Fifth Amendment rights. Because there has been no violation of the rule announced in *Griffin v. State of California*, 380 U.S. 609 (1965), by any stretch of the imagination, the Court should deny the Motion.

What Defendants omit from the factual and procedural background of their Motion are four key facts. First, counsel for Gattineri asked Lt. Condon several questions on cross-examination designed to elicit testimony about Gattineri's cooperation and willingness to provide information

1

on July 10, 2013. Second, Gattineri's invocation of his Fifth Amendment right at issue came during a state regulatory proceeding in 2013, not during the trial of this case. Third, during the sidebar conference described in their Motion (pages 2-4), Defendants never raised any distinction between a refusal to provide more information in a voluntary interview setting, as opposed to a refusal to provide information in a subpoena compelled setting. Finally, Defendants had an opportunity to clear up any factual errors in Lt. Condon's testimony by showing him the subpoena on re-cross examination on April 22, 2016, but they chose not to ask any questions on this topic.

Aside from the factual inaccuracies, the Motion is legally off base. The Fifth Amendment "forbids . . . comment by the prosecution on the accused's silence." *Griffin*, 380 U.S. at 615. In this case, the prosecution did not comment on Gattineri's silence during trial. The prosecution likewise did not comment on Gattineri's silence during subsequent IEB interviews in 2013, nor did it elicit information about Gattineri's assertion of his Fifth Amendment privilege. The government merely elicited the fact that Gattineri subsequently met with investigators but refused to provide information to the IEB in response to Gattineri's counsel's questions on cross-examination regarding Gattineri's initial willingness to meet with IEB investigators.

The Supreme Court has held that the evidence or argument regarding an accused's silence does not violate the Fifth Amendment where defense counsel has opened the door and invited the government's reply. *United States v. Robinson*, 485 U.S. 25, 33-34 (1988). Specifically:

> [The] central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence, *United States v. Nobles,* 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975)...." *Delaware v. Van Arsdall,* 475 U.S. 673, 681, 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674 (1986). To this end it is important that both the defendant and the prosecutor have the opportunity to meet fairly the evidence and arguments of one another. The broad dicta in *Griffin* to the effect that the Fifth Amendment "forbids ... comment by the prosecution on the accused's silence," 380 U.S., at 615, 85 S.Ct., at 1233, must be taken in the light of the facts of that case. It is one thing to hold, as we did in *Griffin,* that the

>prosecutor may not treat a defendant's exercise of his right to remain silent at trial as substantive evidence of guilt; **it is quite another to urge, as defendant does here, that the same reasoning would prohibit the prosecutor from fairly responding to an argument of the defendant by adverting to that silence.** There may be some "cost" to the defendant in having remained silent in each situation, but we decline to expand *Griffin* to preclude a fair response by the prosecutor in situations such as the present one.

*Id.* (emphasis added). Indeed, the First Circuit has repeatedly held that where a prosecutor's comments "were limited and addressed only the defense counsel's own comments," there is no *Griffin* violation. *United States v. Mangual-Garia*, 505 F.3d 1, 13 (1st Cir. 2007).

Under the specific facts of this case, the questions posed to Lt. Condon "[were] not such that the jurors would probably interpret [them] as commentary on the accused's failure to take the stand." *Id.* at 13 (quoting *United States v. Henderson*, 320 F.3d 92, 107 (1st Cir. 2003)). Instead, the questions merely suggested that Gattineri was not entirely cooperative with the IEB investigation, contrary to the inference raised by the defense.

In addition, the First Circuit looks to the specific circumstances of a particular case to determine whether "the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *Gomes*, 564 F.3d at 538 (quoting *United States v. Glantz*, 810 F.2d 316, 322 (1st Cir. 1987)). Here, the prosecution was careful not to elicit any testimony that would directly or indirectly reveal that Gattineri had asserted his Fifth Amendment right, by specifically asking the Court if it could lead Lt. Condon on direct examination, "to avoid any issues." Clearly the prosecution did not intend to comment on Gattineri's assertion of his Fifth Amendment right in the IEB proceeding, and under the circumstances the questions did not inform the jury that Gattineri refused to testify or invite the jury to draw an adverse inference about such failure.

Any inaccuracy in Lt. Condon's testimony that Gattineri met voluntarily with investigators after July 10, 2013 (because he appeared pursuant to a subpoena) is a distinction without a difference. Defendants failed to raise the distinction during the sidebar conference, when they could have ensured that the record was accurate, and they failed to correct the inaccuracy on re-direct exam of Lt. Condon. Nevertheless, the government is prepared to stipulate that, after July 10, 2013, Gattineri was subpoenaed to testify before the IEB as opposed to appearing voluntarily.

For the foregoing reasons, the Court should deny the Motion.

>                                   Respectfully submitted
>
>                                   CARMEN M. ORTIZ
>                                   UNITED STATES ATTORNEY

Date:   April 25, 2016          By:   */s/Kristina E. Barclay*
                                   KRISTINA E. BARCLAY
                                   S. THEODORE MERRIT
                                   Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date: April 25, 2016                      */s/Kristina E. Barclay*
                                   Kristina E. Barclay
                                   Assistant United States Attorney

4