UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 14-cr-10284-NMG |
| | ) | |
| (1) DUSTIN J. DENUNZIO, | ) | |
| (2) ANTHONY GATTINERI, and | ) | |
| (3) CHARLES A. LIGHTBODY | ) | |
| | ) | |
| Defendants | ) | |

**OPPOSITION TO DUSTIN DENUNZIO'S
MOTION IN SUPPORT OF ADMISSION OF EXHIBIT 246 AND 321**

The United States, by and through undersigned counsel, respectfully opposes Dustin DeNunzio's Motion in Support of Admission of Exhibits 246 and 321 (Docket No. 495). The documents at issue may be business records, but the statements contained within the documents which were apparently made by someone who is not part of the accounting practice from which they were obtained are inadmissible hearsay. The government has no objection to DeNunzio offering Exhibits 246 and 321 through their preparer, Andrew Zuroff, provided he can lay a foundation for their admissibility. But without testimony as to when and from whom Zuroff received the information contained in the documents, and as to whether it was the regular practice of the source of the information to make such statements, the information is inadmissible.

DeNunzio himself made this very same argument in his motions in *limine* for a limiting instruction regarding Anthony Gattineri's personal financial statements and regarding Lightbody's statements to Ipswich Bank. *See* Docket Nos. 298 and 325. "The business records exception 'does not embrace statements contained within a business record that were made by one who is *not* a part of the business if the embraced statements are offered for their truth."

1

Docket No. 298, 4 (quoting *United States v. Bigneau*, 187 F.3d 70, 75 (1st Cir. 1999)). As DeNunzio argued when it was to his advantage, "[b]y Rule 803(6)'s own terms," the information Zuroff wrote on the forms (information DeNunzio admits was not provided to Zuroff by someone not a part of his accounting practice) is admissible only if DeNunzio can show that "*making* the record was a regular [business] practice" of the declarant. *Id.* (*quoting* Fed.R.Evid. 803(6)(C) (emphasis in original)). With Exhibits 246 and 321, the identity of the declarant is entirely unknown, as is whether it was a regular business practice of the declarant to make such statements to accountants. The Court and the jury cannot just take DeNunzio's word for it that the information came from DeNunzio and that it was his regular practice to make such records, a foundation must be laid through Zuroff before the information could possibly be admissible.

As to the statements contained in Lightbody's Ipswich Loan applications and Gattineri's Rockland Trust personal financial statements, government witnesses Paul Simms and Daniel Ciotti, respectively, testified as to the sources of the statements contained in the business records at issue. Lightbody's statements to Simms contained in First Ipswich's business records were admissible as coconspirator statements in furtherance of the conspiracy under Rule 803(d)(2)(E), and Gattineri's statements to Ciotti contained in Rockland Trust's business records were admissible as business records of Gattineri, after the government laid the proper foundation with both witnesses. Without such testimony regarding Exhibits 246 and 321, the information contained in those documents is hearsay and does not constitute a business record of anyone under Rule 803(6).[1]

The information is also not admissible as "state of mind" evidence under Rule 803(3) without knowing whose state of mind is at issue – that is, without any evidence as to *who* made

---

[1] The government does not oppose the admission of Exhibits 246 and 321, with the information contained in the "Other Comments" sections of the forms redacted.

the statements contained in Exhibits 246 and 321 and when the statements were made. Again, there is no evidence that these statements were made by DeNunzio, and to admit them as evidence of his "belief that 'Anthony bought our Charlie by Promissory note' during the 2012 tax year," as DeNunzio proposes (Docket No. 495, 4), would be entirely without evidentiary basis. Simply because DeNunzio thinks something is exculpatory does not make it admissible, and without a witness who can lay the foundation for admission of the statements under Rule 803(6) or 803(3), the Court should sustain the government's objection.

Finally, the government notes that Mr. Zuroff is a friend of Gattineri. He has known him for approximately 10 years, goes to dinner with him several times a year, and attended Gattineri's daughters' weddings. While the government does not mean to suggest that the information contained in Exhibits 246 and 321 was not actually received and recorded by Zuroff in March 2013, it submits that the trustworthiness of the documents as business records is further clouded by Gattineri's relationship with Zuroff.

The government is not aware that Zuroff is unavailable to testify at trial. In fact, Defendants' told the government on Monday that they would be calling Zuroff to testify. It is entirely unclear why DeNunzio cannot simply call Zuroff as a witness to try and lay a foundation for admissibility of these records. Without Zuroff, however, the statements contained in the records should be excluded.

**Conclusion**

For the foregoing reasons, the Court should exclude Exhibits 246 and 321 unless and until DeNunzio is able to lay a foundation for their admissibility through their preparer, Andrew Zuroff.

                                            Respectfully submitted

                                            CARMEN M. ORTIZ
                                            United States Attorney

Date:  April 27, 2016           By:    */s/ Kristina E. Barclay*
                                            KRISTINA E. BARCLAY
                                            S. THEODORE MERRITT
                                            Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date: April 27, 2016                                  */s/ Kristina E. Barclay*
                                                        Assistant United States Attorney